JONES et al. v. MISSOURI-KANSAS-TEXAS R. CO. OF TEXAS. (No. 10465.)

Court of Civil Appeals of Texas. Dallas. Feb. 1, 1929.

Rehearing Denied March 2, 1929.

358

W. P. Dumas and L. S. Stemmons, both of Dallas, for appellants.

C. C. Huff and J. M. Chambers, both of Dallas, and Foree & Ridgell, of Rockwall, for appellee.

LOONEY, J. Appellant Rockwall county levee ·improvement district No. 3, acting by and through its supervisors, the other appellants, instituted proceedings before the county judge of Rockwall county, in the usual form, against Missouri-Kansas & Texas Railroad Company of Texas, appellee, to condemn a cross-section (about half an acre) of the company's right of way to be used in constructing a levee across the railroad, in furtherance of a conservation and reclamation project. The county judge appointed special commissioners, who, after a hearing, assessed damages in favor of the company, and, being dissatisfied with the report, the company filed objections, and, on trial in the county court, judgment was rendered for the district, condemning the property and allowing the company certain damages. On appeal by the company, we affirmed the judgment (see 266 S. W. 163); the Supreme Court granted a writ of error, referred the case to Section B of the Commission of Appeals, and adopting, as its own, an interesting opinion by Judge Speer, reversed and remanded the case for a new trial (see 297 S. W. 206).

After the return of the case and the issuance of mandate, the company filed this suit in the district court of Rockwall county to enjoin the district and its supervisors from proceeding with the trial of the condemnation suit, pending final determination of the issues presented here.

The ground for injunction, and the company's position in the matter, is shown by the following excerpt from its brief, to wit: "It is not here contended that the defendant district is not invested with the power to condemn for the purpose of constructing the levee nor that the proceedings leading up to the trial of the case in the County Court were not regular. But it is contended that because of the great loss to be sustained by appellee, which for the purpose of this hearing is admitted to be true, should the land be condemned and the levee constructed, as compared with the negligible benefit to the public as stated in the petition, it would be an unjust and unreasonable exercise of the police power of the State to condemn appellee's right of way and construct the levee, and only the equitable powers of a court of general equity jurisdiction can be invoked to determine that question, and since such a question does not arise in a proceeding of condemnation and since it is not a question where the amount in controversy determines the jurisdiction, the County Court has neither original nor appellate jurisdiction thereof, and we respectfully submit that the action of the District Judge in granting the temporary injunction should be affirmed."

The contention of appellants below was that all matters alleged as grounds for the injunction were in issue, and should be determined in the condemnation proceeding; hence the district court was without jurisdiction to grant the writ.

On hearing, Hon. Joel R. Bond, District Judge, granted the temporary writ; from this order the district and its supervisors have appealed.

The only question for our decision is this: Has the county court of Rockwall county jurisdiction to try and determine, as a part of the condemnation suit, the issue raised here; that is, whether or not the proposed condemnation of part of the company's right of way

would be an unreasonable exercise of the police power?

█ That the county court is vested with exclusive jurisdiction, in the first instance, to try all condemnation suits, is well settled. Chapter 3 of title 41, R. S. 1925, regulates the power and jurisdiction of county courts; among others, article 1960 (1775) (1166), R. S. 1925, provides that: " * * * Jurisdiction shall obtain in all matters of eminent domain over which the county courts have jurisdiction by · the general laws of this State."

Title 52, R. S. 1925, furnishes the procedure. Among other provisions, article 3266 (6507–28), subd. 6, R. S. 1925, reads as follows: "If either party be dissatisfied with the decision [of the commissioners], such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

· That the Legislature was authorized to confer on county courts exclusive original jurisdiction over the subject of eminent domain, without regard to the value of the matter in controversy, was affirmed by the Supreme Court in Southern Kansas R. Co. v. Vance, 104 Tex. 90, 133 S. W. 1043, in the following language: "This grant of power to the county court to hear and determine suits which might in amount greatly exceed its general jurisdiction was sustained under section 22 of article V of the Constitution, which is as follows: 'The Legislature shall have power, by local or general law, to increase, diminish or change the civil or criminal jurisdiction of county courts; and in cases of any such change of jurisdiction the Legislature shall also conform the jurisdiction of other courts to such change. And it was held (G. C. & S. F. Ry. Co. v. Tacquard, 3 Willson, Civ. Cas. Ct. App. § 141) that under this broad grant of power the Legislature did not exceed its constitutional authority in conferring upon the county courts the jurisdiction in question."

Article 1956 (1771) (1169), R. S. 1925, reads: "Subject to the limitation stated in this chapter [jurisdictional limitation], the county court is authorized to hear and determine any cause which is cognizable by courts, either of law or equity, and to grant any relief which could be granted by said courts, or either of them."

█ It follows therefore that, county courts may exercise the power of both law and equity courts in the trial of any cause over which they are given jurisdiction, including, of course, a condemnation proceeding, which is to be tried and determined as any other civil cause.

█ A corporation, either public or private, having the power and desiring to condemn land, is required to file a statement in writing with the county judge of the county where the same, or a part thereof, is situated, stating, among other things, the purpose for which the land is sought to be condemned. In such proceeding the defendant may raise any issue that challenges the legality of the proposed taking, and may defend on the ground, among others, that the taking is not for a public purpose, as this fact furnishes the only justification for condemning private property at all. The company sought to defeat the condemnation suit in the county court on this ground; that is, it plead that, if the levee should be constructed, in order to adapt its roadbed to the changed conditions, it would have to expend a sum of money in excess of, or largely out of proportion to, any benefit that would result to the public from the enterprise. This is the identical ground relied upon here for injunctive relief. The Supreme Court evidently regarded this a proper defense to the condemnation suit. The court said: "We have no doubt the defendant in error has the power, in the exercise of police powers of state, to do what it has undertaken to do in this case, provided under all the circumstances to do so is reasonable. The plaintiff in error specifically pleaded that it was unreasonable and would deprive it of its property without due process of law and otherwise deny to. it the equal protection of law in violation of the constitutional provisions. The issue was also raised by the evidence. There is evidence from which it can be found that the benefit to the public by way of enhanced values of the land to be protected will be even less than the costs to plaintiff in error of reconstructing its road to accommodate the increased volume of water within the confines of the proposed levees. This 'consideration should enter in the determination of the district's rights to construct the proposed levees." 297 S. W. 212.

We fail to find any material distinction between the case at bar and others where it was held that, all questions touching the right of a condemnor to exercise the power of eminent domain, in a particular instance, or to exercise the power at all, belonged to, and should be determined by, the county court in the condemnation proceeding. The cases cited below are very similar to the case at bar, in which injunctions were sought, in the district court, to enjoin the prosecution of condemnation suits. In each case the writ was refused, for the reason that the county court was held to have exclusive jurisdiction. Johnston v. O'Rourke & Co. (Tex. Civ. App.) 85 S. W. 501; Ellis v. H. & T. C. R. Co. (Tex. Civ. App.) 203 S. W. 172, 175; Stemmons v. Dallas Power & Light Co. (Tex. Civ. App.) 212 S. W. 222; Texas & N. O. R. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944;

Wilson v. Donna, etc., Hidalgo County (Tex. Civ. App.) 8 S.W.(2d) 187.

The county judge may also afford all needful protection to a litigant during the pendency of any suit over which his court has jurisdiction. This authority is expressly granted by article 1957 (1772) (1163) (1170), in the following language: "The county judge, either in term time or vacation, may grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari and supersedeas, and all other writs necessary to the enforcement of the jurisdiction of the court."

As jurisdiction of the county court of Rockwall county had attached to the subject-matter of the litigation prior to the institution of this suit, it will be permitted to retain the same to the end, although it be conceded that the district court could, with propriety, have enjoined a threatened condemnation of the company's right of way on the ground here alleged for injunction. Riesner v. Gulf, C. & S. F. Ry. Co., 89 Tex. 656, 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84; Ex parte Grimes (Tex. Civ. App.) 216 S. W. 251; Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501, 507.

Furthermore, we are of the opinion that the decision of the Supreme Court on appeal of the condemnation proceeding is conclusive against the company. That court reversed and remanded the cause to the county court of Rockwall county for a new trial on the pending issues, one of which is the identical ground relied upon by the company for relief in this case. See 297 S. W. 206.

We hold, therefore, that the county court of Rockwall county has exclusive jurisdiction to try the condemnation suit and to determine therein all relevant issues, including the question on which the company is now seeking injunctive relief; that the district court was without jurisdiction to issue the writ. Its order, therefore, is reversed, the writ dissolved, and the suit dismissed.

Reversed and dismissed.