**GULF COAST IRR. CO. v. GARY.** (No. 1213—5231; Motion No. 8568.)

Commission of Appeals of Texas, Section A. June 5, 1929.

For original opinion, see 14 S.W.(2d) 266.

Baker, Botts, Parker & Garwood and Barksdale Stevens, all of Houston, W. E. Davant, of Bay City, and Rodman Cosby, of Houston, for plaintiff in error.

Kelley & Hawes, of Wharton, and A. D. Dyess, of Houston, for defendant in error.

CRITZ, J. In our original opinion [14 S. W.(2d) 266] we held that, under the provi-

sions of title 52, Rev. Civ. St. of Texas 1925, and under article 3269, which is a part of said title, the county court, on appeal, has jurisdiction to try and determine all matters in dispute between the parties to this suit, and therefore no necessity exists for invoking the powers of the district court as a court of equity.

On motion for rehearing, the appellee, Gary, insists that said article 3269 has no application, and that said article is applicable only to those cases wherein "those having the right of eminent domain are sued for property or for damages to property occupied by it," etc. A reading of our original opinion will show that we held that, under the provisions of title 52, and said article, the county court has jurisdiction to determine on appeal the issues there involved. We are of the opinion that, even if said article 3269 does not apply to this case, under the various provisions of said title the county court has ample power and jurisdiction to adjudicate and settle all matters in dispute in this suit, and that there is no necessity to invoke the jurisdiction of the district court as a court of equity to protect any right of appellee in the premises. We think this holding is settled by the authorities cited in our original opinion, and the plain provisions of the various statutes on the subject included under said title 52.

We have carefully read and considered appellee's motion for rehearing, and the very able argument in support thereof, but we still adhere to our original opinion, to the effect that the county court has power and jurisdiction to adjudicate all matters involved between the parties to this suit.

We therefore recommend that said motion be in all things overruled.