

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. Barton
County Judge Attorney
Calhoun County
Port Lavaca, Texas

Dear Sir:

Opinion No. O-221
Re: Joinder of separate, unknown
owners of separate and distinct
parcels of land in a single con-
demnation proceeding.

By your letters of September 8 and 15, and
October 9, 1939, you submit for the opinion of this
Department a question which may be stated substantially
as follows:

Is it permissible to join, in a single
condemnation suit for the purpose of laying
out a new state highway, separate owners of
separate and distinct parcels of land, all of
whom are unknown owners?

You state in your letter that the proposed
highway crosses a subdivision which was cut up into lots
and blocks, and that you have been unable to locate the
present owners of a large number of the lots. You also
state that letters addressed to the last known residence
of the owners, written in an effort to contact them,
have been returned.

You state further in your letter of October 9,
that the proposed road has been designated as a state
highway, but that the county is acquiring the right-of-way
for the State Highway Department.

Our investigation of authorities disclosed that in a large number of states such a joinder of separate owners of separate and distinct parcels of land, in a single condemnation proceeding, is provided for by statute. See Railroad v. Christy, 92 Ill. 337; Barton v. Electric Railway, 220 Ill. 97; Tacoma v. Bonell, 58 Wash. 593, 109 P. 60; Friedenwald v. Mayor of Baltimore, 74 Md. 116.

Other states, like Texas, do not by statute specifically provide for the joinder of separate owners of separate tracts of land in a single condemnation proceeding. The courts in two such states, Massachusetts and Ohio, which follow the common law system of practice, clearly permit such joinder even in the absence of such statutory authority. See City of Springfield v. Sleeper, 115 Mass. 587; Burton v. Wigglesworth, 117 Mass. 302; Giesy v. Railroad, 4 Ohio St. 308.

A recognized text writer on eminent domain states the rule to be as follows:

"In the absence of any express statutory provision it would seem to rest in the discretion of the court whether distinct claims for damages by the same work or improvement should be tried separately or together". 2 Lewis on Eminent Domain 115, Section 646.

In Texas the general statutes which govern the exercise of the power of eminent domain are Articles 3264-3271, inclusive, being Title 52. Other titles which we will not list here provide for the exercise of the power of eminent domain by specific bodies. By Article 6674n, it is provided that the Highway Commission in the condemnation of land for highway purposes shall follow the procedure set out in Title 52. The fact that this road has been designated as a highway by the Highway Commission places these proceedings within the provisions of Article 6674n. For the purpose of this discussion, it is necessary for us to examine only three of the articles under Title 52.

Among other things, Article 3264 provides for an

attempt to agree with the landowner on the amount of damages; application to the county judge upon failure to agree on damages; appointment by the county judge of three special commissioners to assess damages; and service of notice on the landowners of the time and place of the hearing, either personally or by publication. Under Article 3265, the Legislature has provided for the method to be followed in assessing the damages. The procedure to be followed in appealing from damages and compensation assessed by the commissioners is provided in Article 3266.

Our courts have often pointed out that since the power of eminent domain is in derogation of the common right, statutes which govern its exercise are to be strictly construed and are not to be extended beyond their plain provisions. Van Valkenburgh v. Ford (Civ. App. Galveston, 1918), 207 S. W. 504; affirmed (Comm. App. Sec. B, 1921), 228 S. W. 194; Haverbekken v. Hale, 109 Tex. 106, 204 S.W. 1162 (1818); Vogt v. Bexar County (Civ. App. 1893), 23 S.W. 1044. See, also, 2 Dill on Municipal Corporations, Sec. 604.

Procedural statutes of this nature are seldom so comprehensive as to resolve every question that may arise in regard to their application, and it often becomes necessary to resort to other authority to determine matters not specifically covered by them.

Condemnation proceedings under Title 52, in their early phases so far as determination of the landowner's damages is concerned, bear slight resemblance to trial of other causes. After failure to agree on damages the entire proceedings are carried on before a fact-finding, quasi-judicial body consisting of three commissioners, who hear evidence and assess the damages.

The words "plaintiff" and "defendant" at this stage can be used only in an uncommon and liberal sense, for the plaintiff complains of nothing, and the defendant denies no past or threatened wrong, but both parties are actors, one to acquire title, the other to get as large compensation as he can. 18 Am. Jur. 963, Sec. 320.

Numerous decisions have drawn analogies to pro-

Honorable R. A. Barton, Page 4

ceedings in our courts and have declared that this special
tribunal is governed by the ordinary rules of law and equity
controlling the trial of causes. Jones v. Missouri, Kansas
and Texas Railroad (Civ. App., Dallas 1929) 14 S. W. (2d)
357, aff. (Comm. App., 1930), 24 S. W. (2d) 366; Davidson
v. Railroad (Civ. App., 1902) 67 S. W. 1093; Leonard v.
Small (Civ. App. Ft. Worth, 1930) 28 S. W. (2d) 626, error
refused.

Liberal rules of joinder announced by our courts
apply with equal force to these tribunals. Hence, the at-
tendant stress placed by our courts on avoidance of multi-
plicity of suits must be considered. In order to avoid
multiplicity of suits, our courts have allowed litigants
great latitude in uniting different demands in a single
suit, and frequently, distinct causes have been permitted
to be joined when such joinder was not indispensable.
1 Tex. Jur. 657, Sec. 31. See also Kempner v. Comer, 73 Tex.
196, 11 S. W. 194; Craddock v. Goodwin,54 Tex. 578; Morti-
more v. Affleck (Civ. App. 1910), 125 S. W. 51; and 1 C.J.
1074.

Our liberal rules alone should be sufficient
authority for the contemplated joinder, in view of the
fact that condemnor-plaintiff urges the same specific right
against each owner but we need not rely exclusively on their
general context.

Ordinarily where consolidation of causes is per-
mitted, joinder of causes cannot be objectionable, and this
is especially true when consolidation is permitted despite
protest of one of the litigants.

In a recent case decided by the Commission of
Appeals, appellant's exception to the consolidation of
several distinct actions against several separate owners of
separate and distinct tracts of land was overruled. Williams
et al v. Henderson County Levee  Improvement District No. 3
(Comm. App. Sec. B, 1933) 59 S. W. (2d) 93. While it is
true that the court cited Article 7995, which specifically
provides for such consolidation, we believe the following
language by Justice Short is sufficiently broad to cover
consolidation and joinder in other condemnation proceedings,
and that it is, at least, indicative of the attitude of the
present court:

"The trial judge, in the exercise of his discretion, consolidated the suits. The suits were tried before the court without a jury and there is nothing in this record to show that any harm has been done the litigant by consolidating these suits. This holding is in line with the rule announced by the decisions that it is the public policy of this state to avoid a multiplicity of suits."

A further indication that our courts do not regard the Eminent Domain Statutes as being inflexible and all-inclusive, is the following language in Davidson v. Railroad, supra:

"In many states the right to make opposing claimants parties is conferred by statute. But it seems to us that this right exists in the absence of special provision, and is a necessary incident to the right to condemn, for it would be idle to confer the power to condemn and at the same time so restrict a right as to deny the Railroad Company a judgment which would protect its possession and protect it against a double recovery; and our statutes governing the proceeding when the object to be accomplished is considered are fairly susceptible of the construction we have placed upon them."

Approaching the problem from another angle, let us take into account the fact that a majority, if not all, of the landowners cited by publication will not appear at the hearing for assessment of damages and compensation, and that they will fail to appeal from the decisions of the commissioners within the requisite ten days provided in Article 3266. Such owners would acquire the status of defendants against whom a default judgment had been taken, since upon the expiration of that time, the county judge is required to enter the decision of the commissioners as a judgment of his court. Sinclair v. City of Dallas (Civ. App. Waco, 1931), 445 S. W. (2d) 465.

On appeal, or in any other direct proceeding, as-

suming that service is sufficient, the appellants would be entitled to have the decision set aside or reversed only if they could show fundamental error or harm and injury. Fenness v. First National Bank (Civ. App., 1923) 256 S. W. 634; Fenstermaker v. City of San Antonio (Civ. App. 1926) aff. (Comm. App. Sec. B, 1927) 290 S. W. 532. But misjoinder of causes or parties does not constitute fundamental error; it is not reached by general demurrer; on the contrary, it must be raised by a plea in abatement, which is waived if not urged in limine. Barton v. Farmers' State Bank (Comm. App., Sec. A, 1925) 276 S. W. 177 and cases cited therein.

Thus, even though it should be held that the proper procedure includes a separate hearing as to each separate tract, the right to such a hearing is waived if not presented at the proper time. Barton v. Farmers' State Bank, supra.

Summarizing, we have noted that joinder of several landowners in a single condemnation proceeding is not, in and of itself, objectionable; that such joinder is permitted in states following the common law system of practice, even in the absence of statutory provision; and that our liberal Texas practice stresses the avoidance of a multiplicity of suits.

It is our conclusion, therefore, that in Texas a joinder, in a single condemnation proceeding, of separate owners of separate and distinct tracts of land is permissible.

Trusting that this opinion will fully answer your question, and that you will call upon us if any additional information is required, we are

Yours very truly

APPROVED OCT 25, 1939

ATTORNEY GENERAL OF TEXAS

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *James Noel*

James Noel
Assistant

JN:BT

APPROVED
OPINION
COMMITTEE
BY *Bots*
CHAIRMAN