## BRAZOS RIVER CONSERVATION AND RECLAMATION DIST. et al. v. REESE et al.

### No. 2142.

Court of Civil Appeals of Texas. Eastland.

Dec. 3, 1940.

Rehearing Denied Jan. 3, 1941.

John D. McCall, Millard Parkhurst, and Strasburger, Price, Holland, Kelton & Miller, all of Dallas, T. T. Bouldin, of Mineral Wells, and Samuels, Foster, Brown & McGee, of Fort Worth, for appellants.

J. R. Creighton and Ritchie & Ritchie, all of Mineral Wells, for appellees.

GRISSOM, Justice.

This is an appeal from an order of the County Court of Palo Pinto County, temporarily enjoining the defendants Brazos Riv-

er 'Conservation and Reclamation District et al. from taking the property of plaintiffs, J. C. Reese et al. by closing the temporary openings in Possum Kingdom Dam and flooding the properties of plaintiffs, and from condemning plaintiffs' lands until it had been judicially determined in said cause whether or not the Brazos River District has the right to condemn certain alleged excess· properties and acreage. In this connection it was alleged that about 700 acres of the land lay above and outside the limits of the proposed reservoir; were not needed for the purposes of the District; that defendants intended to take said land for the benefit of the State Park Board, and that such threatened action was arbitrary and capricious and should be enjoined. Plaintiffs, among other things, alleged that their properties had not been purchased by the defendants, nor subjected to reservoir use by the power of eminent domain, and that plaintiffs had not relinquished their rights of ownership therein, and had received no remuneration of any character for the use of said properties by the District. Plaintiffs alleged that on the 23rd day of April, 1940, the defendant District filed its petition and statement in writing with the County Judge of Palo Pinto County, Texas, seeking the condemnation of plaintiffs' lands; that the County Judge appointed Commissioners to assess the damages in·the manner and form required by law; that the Commissioners qualified; that the Commissioners set said proceeding for hearing and gave notice thereof; but, the District had not further prosecuted said action, and had made no deposit in the court of any award therein.

"That upon the filing of the said petition or statement in writing by the said District seeking the condemnation of the said properties, and the assessment of the damages to the several·owners as provided by law, the County ·Court of Palo Pinto County, Texas, was then and thereby vested with exclusive jurisdiction and with the right, power and authority to hear and determine all issues, ·matters and things relating to the right of the said District to condemn the said properties or any part thereof or any estate therein and all matters affecting the rights of the parties to said proceeding; and that said court now has complete and exclusive jurisdiction in the premises, including the right to make such orders and issue such writs or other process as may be necessary for the protection of the owners of the properties pending the determination of all matters involved in the said cause and proceedings."

Plaintiffs alleged that defendants were preparing to close the openings in the dam and flood and take plaintiffs' lands and would do so within a few days unless restrained; that there was insufficient time for the giving of notices to defendants of the application for injunction. Wherefore, plaintiffs prayed· that a temporary writ of injunction issue enjoining defendants from closing said openings and from flooding the lands and properties of these plaintiffs, until the completion of a hearing before the Commissioners as to the damages that will accrue to plaintiffs in connection with the condemnation of such estate· in, and such quantity of plaintiffs' said properties as it may be found the District has the right to condemn; and the depositing of the sum or amount of award of such Commissioners as the law requires, etc.

A temporary injunction was granted (without notice or hearing) as prayed for.

The defendants' first proposition is as follows: "In condemnation proceedings, the jurisdiction of the ·County Court is not invoked until an award of the Commissioners has been filed with the County Judge, and objections and exceptions thereto have been filed with the Clerk of the court; and where, as in the instant case, the petition in the action upon which an injunction is based, discloses upon its face that in the condemnation proceedings nothing had been done, except the filing with the County Judge of an application for condemnation, the naming of commissioners by the County Judge to assess damages, and that no hearing had been had before the commissioners, and no award had been made, and no objections and exceptions to any·award had been filed, the County ·Court of Palo Pinto County, Texas, had no jurisdiction of the subject matter, and the issuance of the injunction by the Judge thereof, was outside the powers and jurisdiction of the court, and was a void act."

The defendants state the question to be determined by this court as follows: "The jurisdiction of the County Court of Palo Pinto County to entertain the instant suit and the authority of the County Judge to issue the challenged injunctive order is determined by this question: whether or not the condemnation proceeding had progressed to a point sufficient to clothe the County Court with jurisdiction of the subject matter."

In Gulf, C. & S. F. Ry. Co. v. Fort Worth & R. G. Ry. Co., 86 Tex. 537, 26 S.W. 54, 60, the facts were (1) the defendant had presented to the County Judge of Brown County a petition for condemnation of plaintiff's land; (2) the County Judge had appointed Commissioners; (3) the Commissioners had qualified; (4) notice was given of the time and place when the parties to the condemnation proceeding would be heard; and (5) the Commissioners made their report assessing damages. There was no further action in the condemnation proceedings. No exceptions were filed to the Commissioners' report and no judgment was entered.

Four days after the Commissioners made their report the defendant in the condemnation proceedings filed a petition in the District Court for an injunction restraining the plaintiff in the condemnation proceedings from using its land, etc. The District Judge granted the writ but thereafter dissolved the injunction. The defendant in the condemnation proceedings filed an amended petition alleging all the foregoing facts, making copies of the papers in the condemnation proceedings a part of the petition, and alleged that the Commissioners appointed by the County Judge were interested in the result of the proceeding and their award in same was void. The defendant therein (plaintiff in condemnation) filed a demurrer and special exception to said pleading to the effect that plaintiff's petition showed upon its face "that the *County Court of Brown County had acquired jurisdiction of the subject-matter of the suit* before this suit was filed." (Italics ours.) The demurrer was sustained and, plaintiff declining to amend, the case was dismissed. The plaintiff appealed to the court of civil appeals (where the judgment of the district court was affirmed), and thence to the Supreme Court. There the plaintiff-in-error (defendant in the condemnation proceeding) contended the condemnation proceeding in the county court was void. The Supreme Court held that the county court had jurisdiction of the subject-matter of the suit. Judge Brown, speaking for the court, said:

"Under the law, the award could not be made the judgment of the court until after the expiration of 10 days from the time it was returned into court, and, during that time, plaintiff, by filing objections to it, would have been entitled to a trial de novo before a jury, by which objections it would have set aside the award, and thus have se-cured ample protection before the county court, with the right of appeal to the court of appeals if its rights were not fully protected by the judgment of the county court.

"Having failed to avail itself of so simple and effective a remedy, we see no reason why the rules of law by which such proceedings are held to be binding upon parties to them, when duly notified, should be departed from, *and a collateral attack allowed to be made upon the proceedings of a court of competent jurisdiction*.

"There is no error in the judgment of the district court or court of appeals, and the judgments of those courts are affirmed." (Italics ours.)

In Ellis v. Houston & T. C. Ry. Co., Tex. Civ.App., 203 S.W. 172, 174, writ refused, the facts were that the Railroad Company (1) filed with the County Judge a petition in writing seeking to condemn Ellis's land. (2) The judge appointed commissioners to assess the damages; (3) the commissioners, after being duly sworn, appointed a time and place for a hearing and (4) issued notices; (5) which notices were served. Before the date set for the commissioners' hearing the land owner, Ellis, instituted suit in the district court to enjoin the commissioners from proceeding with said hearing to assess damages and to enjoin the Railroad from taking further steps to condemn his property. Upon a hearing in the district court plaintiff's application for writ of injunction was refused. Ellis appealed. Ellis contended, among other things, that the County Court had not acquired jurisdiction to assess damages and decree a condemnation of his land and that Ellis's land was not subject to condemnation because it was being used as a cemetery. The court said:

"It is insisted that, as the county court has no jurisdiction of the condemnation proceedings for each of the two reasons alleged and noted above, the proposed condemnation, if effected, will be null and void, and hence the district court has jurisdiction to enjoin the same in advance. Appellant has cited Gulf, C. & S. F. Ry. [Co.] v. Fort Worth & R. G. Ry. [Co.], 86 Tex. 537, 26 S.W. 54, to support the proposition that the enforcement of a judgment of condemnation of land which is absolutely void may be enjoined by the district court. The same can be said of any other character of judgment. A judgment of the county court condemning property for uses by the railway company has no such special features as would distinguish it from other judgments,

so far as that question may be involved. It is well settled that allegations of jurisdictional facts relating to the subject-matter of the suit, contained in a petition, of themselves, confer jurisdiction to determine the controversy presented, and that such jurisdiction will be retained by the court until the defendant alleges and proves that those allegations were made for the fraudulent purpose of conferring jurisdiction. Hoffman v. Cleburne B. & L. Ass'n, 85 Tex. 409, 22 S. W. 154.

*"As the application filed by the railroad company in the county court contained allegations of all facts necessary to confer upon the county court jurisdiction to determine the issues involved in the proposed condemnation, the filing of the application immediately fixed jurisdiction.* Furthermore, the good faith of those allegations was not attacked by Ellis, either by pleading or by proof.

"Appellant's contention that the proposed proceedings in the county court will be void for lack of jurisdictional facts, and that the district court had the right to determine in advance of the county court those jurisdictional issues, is predicated upon the assumption that the court of equity can restrain the exercise of a clear unconditional right to condemnation proceedings in another court expressly conferred by statutes the constitutionality of which is not even challenged, and we think it too clear for argument that a court of equity has no such power. As *the county court acquired jurisdiction to determine the controversy,* and as it had exclusive original jurisdiction to try and determine it, that court's jurisdiction so to do could not be ousted by the district court." (Italics ours.)

In Wilson v. Donna Irrigation District No. 1, Tex.Civ.App., 8 S.W.2d 187, 188, writ refused, Wilson instituted suit in the district court to obtain a temporary injunction restraining the Irrigation District from prosecuting condemnation proceedings in the county court and from taking possession of his land, etc. It was alleged that the District had the power of eminent domain and had (1) filed condemnation proceedings in the county court; that the county court had (2) appointed commissioners, and (3) a hearing before the commissioners had been set. Plaintiff, among other things, alleged that the land was outside of the limits of the Irrigation District; that his land was not necessary for the purpose of the District, but was sought to be condemned by the District for the purpose of benefiting an individual, and that the District was about to take his land in the condemnation proceedings of the county court for the private use of said person. The petition for injunction in the district court was excepted to because "it appeared on its face that the *county court of Hidalgo county had acquired jurisdiction of the cause* * * *." The exception was sustained, the injunction dissolved and the cause dismissed. In affirming the judgment of dismissal, the court said:

"Under the laws of Texas, the irrigation district, as a political subdivision of a county, had the power of eminent domain, and the mode is fully provided for, exercising such power by entering the county court of the county in which the land or a part thereof is situated. No other court is given the authority to initiate proceedings or to have them executed, except the county court, and all proceedings before the county judge are fully set out in title 52 of the Revised Statutes of 1925. The right of appeal is given from the county court as in other cases. Article 3268. *Admittedly, when appellee complied with the statute,* as alleged, *and entered the county court of Hidalgo county, that court obtained jurisdiction of the subject-matter, and the county judge has full authority to pass on all questions that might arise in the case.* If an individual had begun condemnation proceedings, it cannot be reasonably contended that the county court would have the power to deny him the right of condemnation and refuse to appoint commissioners to assess damages. Neither can it be reasonably contended that the county judge could not decide whether the purpose for which it is sought to condemn the land was legal or not. The statute would be enacting a farce by requiring that a statement in writing be filed with the county judge describing the land sought to be condemned, stating the purpose for which it is intended to be used, the name of the owner, and that the parties have been unable to agree upon the value of the land or the damages, if the county judge was compelled to proceed without the power to inquire into the truth of the statements made and act judicially thereon. If he is not clothed with judicial discretion in these matters, the duties might be performed by the clerk as well. No case has been cited by appellant, nor has a diligent search by this court revealed the issuance of an injunction to restrain the action of the county court in a prima facie legal condemnation suit, and to pass upon

issues which might be submitted to the county court. Appellant has the opportunity to be heard on all the matters raised by him as to the legality of a condemnation of his land for the purposes alleged by him. If he should not be satisfied with the, action of the county court in the premises, he has the right of appeal, where he can present all the defenses sought to be made the basis of the issuance of a writ of injunction. If the ditch sought to be dug is not for a public use, the presumption will prevail that the county court will not countenance the condemnation of the land. If there is no necessity for appropriating the land, the presumption is that the county court will not permit its appropriation. If the court, however, permits the appropriation of the land in defiance of appellant's rights and the Constitution and laws, appellant can obtain redress by an appeal.

"It is admitted by appellant that appellee made a perfect case for securing a hearing before commissioners appointed by the county judge. In other words, the admission is that the allegations of appellee conferred jurisdiction on the county court, but appellant is not willing to meet those issues in the court which has the statutory right to hear them, but seeks to answer the suit of appellee by resort to a court of equity not given the authority to try suits for condemnation of property. It is true, as stated by appellant, that the district court is one of general jurisdiction, but, when a statute confers a special jurisdiction on another court, that deprives the district court of its general jurisdiction over the subject-matter. *The jurisdiction of the county court had attached,* and, up to the time appellant sought to enjoin action of that court, had taken no step not sanctioned by law. The district court cannot, by injunction or otherwise, deprive the county court of its jurisdiction. No court in Texas has ever upheld interference with the lawful exercise of its jurisdiction by the county court over condemnation suits. All the cases in which injunctions have issued to restrain condemnation proceedings were those in which county courts had violated the law and exceeded their jurisdiction. In this case the proceedings are prima facie legal and regular, and the proceedings are not assailed and sought to be prevented on account of any irregularity on their face, but on account of defenses which appellant may present against condemnation of his property." (Italics ours.)

In Housing Authority of City of Dallas v. Higginbotham, Tex.Civ.App., 143 S.W. 2d 95, 96, the Housing Authority instituted proceedings under the general condemnation statutes in the County Court at Law of Dallas County seeking to condemn property belonging to Higginbotham. The Court of Civil Appeals said that the allegations of the Housing Authority's petition were sufficient to invoke the jurisdiction of the County Court as a proceeding in condemnation. It further said:

"* * * the requisite steps having been taken by appellant in the County Court of Dallas County at Law No. 2 for the condemnation of the properties in question, prior to the filing of the suit for injunction, said County Court acquired sole jurisdiction and was the tribunal competent to hear and determine all questions sought to be litigated in the application for injunction. Because of this, the district court was without power to entertain the instant suit. The trial court's action under review is therefore reversed, and judgment is here rendered for appellant, dissolving the injunction." See, also, Roberts v. Magnolia Petroleum Co., Tex.Sup., 143 S.W.2d 79.

In Galveston, H. & S. A. Ry. Co. v. Mud Creek I. A. & M. Co., 1 White & W.Civ. Cas.Ct.App. § 394, Judge Willson, speaking of the filing of a petition for condemnation, said: "Under our statute, the written statement provided for by art. 4182 is the initiatory step, and it is by virtue of this step that jurisdiction over the subject matter involved is acquired." In Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 479, 14 S.W.2d 266, 17 S.W.2d 774, Justice Critz quoted Judge Willson's statement and said that it "very correctly" announced the applicable rule.

In Missouri-Kansas-Texas Ry. Co. v. Jones, Tex.Com.App., 24 S.W.2d 366, the court said: "Jurisdiction granted to county courts by the law of this state to hear and determine the condemnation suits by necessary implication includes the right to try and decide all questions which may fairly arise in such controversies, including the right to determine whether the existing facts authorize the exercise of the power thus conferred."

It was there contended that in the condemnation proceeding then pending in the county court, the question of the right to condemn could not be determined, but that such question must be decided in the district court. Speaking of the authority in condemnation cases granted to the county courts by the Legislature, the court said:

"When it gave jurisdiction to county courts in such cases, it must be presumed that it was the intention to confer such authority as was essential and necessary to accomplish the purpose for which the power was conferred; that is, to determine, subject to appellate review, all questions legitimately involved in any condemnation case. We think such purpose becomes apparent upon a consideration of the provisions of subdivision 3, art. 3268, R.S.1925, to the effect that, if, upon a final trial in the county court it is determined that the right to condemn does not exist, the court shall so adjudge. This seems to plainly indicate a purpose to clothe the county court with power to determine the question as to whether under existing conditions a plaintiff has shown a right to condemn the property sought to be taken."

The court further said: "The jurisdiction of the county court of Rockwall county having attached in the proceeding in which plaintiff in error's land was sought to be condemned, and that court being clothed by law with full power to try and determine all issues raised by the railway company, the district court was without authority to enjoin the prosecution of such case; hence the Court of Civil Appeals properly ordered a dissolution of the injunction."

See also the opinion of the Court of Civil Appeals in said cause, Jones v. Missouri-Kansas-Texas Ry. Co., 14 S.W.2d 357, 360, affirmed Tex.Com.App., 24 S.W.2d 366, wherein it was held that the Legislature had conferred, and was authorized to confer, upon county courts exclusive original jurisdiction of eminent domain proceedings without regard to the value of the matters in controversy. That court said: "The county judge may also afford all needful protection to a litigant during the pendency of any suit over which his court has jurisdiction. This authority is expressly granted by article 1957 (1772) (1163) (1170), in the following language: 'The county judge, either in term time or vacation, may grant writs of * * * injunction * * * and all other writs necessary to the enforcement of the jurisdiction of the court.'

"As jurisdiction of the county court of Rockwall county had attached to the subject-matter of the litigation prior to the institution of this suit, it will be permitted to retain the same to the end. * * *

"We hold, therefore, that the county court of Rockwall county has exclusive jurisdiction to try the condemnation suit and to determine therein all relevant issues, including the question on which the company is now seeking injunctive relief; that the district court was without jurisdiction to issue the writ."

Also, see Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, 17 S.W. 2d 774; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4, 9; Stemmons v. Dallas Power & Light Co., Tex.Civ.App., 212 S.W. 222, 224, writ refused; Bradford v. Texas Elec. Service Co., Tex.Civ.App., 16 S.W.2d 836; Lone Star Gas Co. v. City of Fort Worth, Tex.Civ.App., 68 S.W.2d 605.

The foregoing decisions by the Supreme Court, those approved by it, and the other cases cited, compel the conclusion that the condemnation proceedings vested the county court of Palo Pinto County with jurisdiction and power to issue the injunction appealed from. If the county court had jurisdiction of the condemnation proceedings so that it could protect its jurisdiction and the property rights of the appellees pending the final disposition of the condemnation proceedings, then it is immaterial that the value of the properties involved is alleged to be $15,000, and that appellees' petition did not seek to recover a money judgment. Jones v. Missouri-Kansas-Texas Ry. Co., Tex.Civ. App., 14 S.W.2d 357, affirmed, Tex.Com. App., 24 S.W.2d 366; Southern Kansas Ry. Co. v. Vance, 104 Tex. 90, 133 S.W. 1043; Art. 1957. Therefore, appellants' second and third propositions need not be discussed.

Defendants cite City of Big Spring v. Garlington, Tex.Civ.App., 88 S.W.2d 1095, and Hardy v. City of Throckmorton, Tex. Civ.App., 62 S.W.2d 1104, 1106, by this court. In the Garlington case a condemnation petition had been filed and the commissioners had been agreed upon but the county judge refused to appoint commissioners. An original petition for mandamus was filed in this court wherein it was sought to have this court compel the county judge to appoint commissioners. Our decision was merely to the effect that Art. 1824 which authorized courts of civil appeals to issue a "writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause" did not authorize us to compel said judge to appoint commissioners. The court could not at said stage of the proceedings have then proceeded to trial and judgment. We think said decision is not directly in point or controlling here.

In the Hardy case the land owner, pending an appeal in a condemnation case, sought the issuance of an injunction by this court. Objections were not filed to the award of the commissioners within the time allowed by law. The sole ground upon which the injunction was sought was that the award of the commissioners was void because it failed to assess damages separately but the award was of a lump sum jointly to the several owners of the condemned land. We held that the defect in the award rendered the judgment "at most voidable and subject to correction in the trial of the case in the county court." We further held that "whether voidable or void, compliance with the statute ( * * * art. 3268) as to making a deposit would authorize entry upon the land pending the disposition of the case on appeal to the courts." We think there is nothing in that opinion which was necessary to its decision that is in conflict with this opinion, (there are statements therein indicative of a contrary opinion), but, if there is, said opinion is to that extent overruled.

The judgment is affirmed.

FUNDERBURK, Justice (concurring).

The writer fully concurs in the opinion of the court. Jurisdiction is a word of many meanings with the result that precedents and decisions involving jurisdictional questions are peculiarly liable to be misunderstood and misapplied. We are in the habit of saying that when a plea of privilege is filed the court has no jurisdiction of the case, other than to order a transfer, unless and until a controverting plea is filed. This, of course, is only true in a specially qualified sense. It is sometimes said that unless the record be filed in an appellate court the court has not acquired jurisdiction. That only means, of course, that the authority of the court to review the case upon its merits is subject to certain legally prerequisite steps which operate as conditions precedent to the authority of the court to determine questions involved in the merits of the case. In either of said cases, the court does have jurisdiction in a sense. It has jurisdiction in the sense that a court has the inherent power by injunction to protect unlawful interference with its jurisdiction.

County courts have general jurisdiction of condemnation proceedings. Ordinarily, the exclusive jurisdiction of a civil suit is invoked and has its origin in the filing of plaintiff's petition. In condemnation proceedings the statutes have the effect of providing otherwise. It is provided that "the party desiring to condemn the property * * shall file a statement in writing with the county judge of the county *in which the land or a part thereof is situated.*" (Italics ours.) R.S.1925, Art. 3264, Vernon's Ann. Civ.St. art. 3264. The filing of such statement is not the institution of the suit in the county court in the ordinary sense. By provision of the statutes it is the first step in proceedings of which the last step is a judgment by the county court of the same "county in which the land or a part thereof is situated." Until objection to the award of the commissioners is filed it is true in a very real sense no suit or case is pending in the county court; but the whole statutory proceeding is idle and meaningless unless it is finally to culminate in a judgment of that court. The filing of objections to the award of the commissioners has an effect similar to that of the filing of a controverting plea to a plea of privilege. In the absence of any objections the jurisdiction of the county court will be restricted to making the award the judgment of the court. But the very fact that the award becomes the judgment of the court necessarily presupposes jurisdiction of the court in some sense. The filing of objections to an award, like the filing of a controverting plea to a plea of privilege, is a prerequisite step to the exercise of the court's jurisdiction not in the sense of the jurisdiction which the court has the power and duty to protect against interference, but in the sense of authority to exercise real judicial power in determining the merits of the matters in controversy. It is manifestly just as essential that jurisdiction in the one sense be protected as jurisdiction in the other sense.

As respects the power of a court to protect its jurisdiction, the jurisdiction meant is that of the subject-matter, rather than the manner of its invocation. In the celebrated case of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, jurisdiction of the subject-matter was held to be the subject of protection, even if plaintiff's petition was subject to a general demurrer. The jurisdiction held to be the subject of protection was declared by the court to extend so as to include the making of new parties.

Under the statutes the filing of the statement with the County Judge of Palo Pinto County was just as certainly the first step in proceedings looking to a final judgment of the county court of that county as plain-

526

tiff's petition filed in the county court would be. It was a pre-emption of the jurisdiction of the county court finally to decide all matters in controversy according to the contingency provided for in the statute. The power and duty of the court to protect such jurisdiction was equally imperative, whether the judgment was to be merely the adoption of the award of the commissioners through acts in themselves ministerial, or was to result from a full hearing by the court as such in the exercise of real judicial power.

The jurisdiction which we had occasion to discuss in Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104, 1105, was simply that enlarged authority of the court which results from the timely filing of objections to an award. It was, as stated in the opinion, "the jurisdiction of the county court to *correct errors in the award of the commissioners.*" (Italics ours.) As further stated, the jurisdiction invoked by filing objections was "the jurisdiction of the court as such *to determine the correctness of the award.*" (Italics ours.) The question to be determined in this case was in no way involved in that case, and even in the absence of the language implying that the word jurisdiction was used in the particular sense, the very subject-matter of the issue before the court would show that the word was used in such particular sense.