**WILSON v. DONNA IRR. DIST. NO. 1,
HIDALGO COUNTY.**

**HARDING v. SAME.**

**(Nos. 8024, 8025.)**

Court of Civil Appeals of Texas. San Antonio.
June 6, 1928.

Rehearing Denied June 27, 1928.

**1. Courts ⬥480(1)—District court will not enjoin prosecution of eminent domain proceeding in county court, whose exclusive jurisdiction is properly invoked (Rev. St. 1925, arts. 3264-3271 and art. 3268).**

The district court has no jurisdiction to enjoin the prosecution of condemnation proceedings in a county court, where it is admitted that the pleadings in the condemnation suit are sufficient to properly invoke the statutory jurisdiction of that court, under Rev. St. 1925, arts. 3264-3271, particularly in view of remedy by appeal under article 3268.

**2. Courts ⬥52, 155—District court is one of general jurisdiction, but statute conferring special jurisdiction on another court deprives district court of its general jurisdiction over subject-matter.**

The district court is one of general jurisdiction, but, when a statute confers special jurisdiction on another court, it deprives the district court of its general jurisdiction over the subject-matter.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by F. B. Wilson against Donna Irrigation District No. 1, Hidalgo County, and suit by W. A. Harding against the same defendant. From decrees for defendants, plaintiffs appeal. Affirmed.

Davis E. Decker, of Raymondville, for appellants.

Walter G. Weaver, of Donna, and D. W. Glasscock, of Mercedes, for appellee.

FLY, C. J. [1] This is a suit by appellant to obtain a temporary injunction to restrain appellee, its officers, agents and employees, from the prosecution of certain condemnation proceedings pending in the county court of Hidalgo county, and from attempting to take possession of, and entering upon, and removing any earth or other materials from, the land of appellant, and, on final trial, to have such temporary injunction made perpetual. Appellant alleged that he is the owner of lots 12 and 13, block 85, Missouri-Texas Land & Irrigation Company's subdivision, Las Mestenas grant, in Hidalgo county, containing 80 acres of land, which is incumbered by a trust deed securing the First Trust Joint Stock Land Bank in payment of a loan and vendor's lien note, payable to W. A. Harding. It was alleged that appellee was a water control and improvement district, organized and incorporated and doing business under the laws of Texas, and having the power of eminent domain, and had filed condemnation proceedings in the county court of Hidalgo county against appellant as owner of the land described and against others; that in such proceedings appellee is seeking to construct a drainage ditch over and across appellant's land for the purpose of conveying drainage water from the lands of the district to what is denominated the "Hidalgo county floodway."

It was further alleged that the lands appellee was seeking to condemn were outside the limits or area of the Donna irrigation district, but appellee alleges that the land is necessary to construct the drainage ditch and canal. At the request of appellee, the county court had appointed three commissioners, and a hearing had been set for February 28, 1928, at Edinburg, and that, if appellee is not restrained, a trial will be had before the commissioners, and judgment of condemnation secured. The grounds for the writ of injunction are thus alleged:

"Plaintiff avers that he has been informed, verily believes, and so charges, that the defendant district would, but for the contract hereinafter set out, a copy of which is hereto attached and marked Exhibit A and Exhibit B, and made a part hereof, construct its drainage ditch or canal along another and different route, and on lands other than those owned by plaintiff. That such route had been surveyed, located, and adopted as running in an easterly direction from said irrigation district and into said Hidalgo county floodway, which route was a more desirable one of said district, much less in distance, less expensive to construct, and better adapted to the drainage of the lands of said district. That said defendant district, by reason of the said contract, changed said route, and ran its ditch location in a northern direction, and over the lands of plaintiff, not as a necessity, but for the purpose of benefiting one J. C. Engelman, Jr., who is a party to said contract aforesaid.

"That, by the terms of the contract aforesaid hereto attached, the defendant agreed, in consideration that the said Engelman shall furnish a right of way over the lands to be selected by the engineer of the defendant district free of charge, clear and remove the brush therefrom, and pay for the excavation thereof to the extent of the excess yardage above the eastern route, and perpetually maintain said ditch, that the said Engelman should have the exclusive ownership of and right to use and apply the drainage waters flowing in said ditch

as well as certain water other than the drainage water as specified in that part of the contract marked Exhibit B.

"Plaintiff avers that the contract aforesaid between defendant district and said Engelman hereto attached and marked as aforesaid is one in which the defendant has contracted to exercise its right of eminent domain for the use and benefit of said Engelman, and that it is not a beneficial use in which the public or this plaintiff may have rights or benefits, and that the attempt of defendant district to condemn the lands and property of plaintiff is but a subterfuge and an attempt, under the guise of its powers of eminent domain, to take plaintiff's property, it being private property, for the private use of the said Engelman, and not for a public use.

"Plaintiff alleges that he has no plain and adequate remedy at law, for that, in the condemnation proceedings in the county court aforesaid, he may only try out the question of damages, and not the question of taking of private property for a private use, contrary to the Constitution, and that, unless he have from your honor the most gracious writ of injunction, the defendant district, under the pretended claim of exercising its right of eminent domain, can take and appropriate plaintiff's property and construct its ditches, wherefore he says, unless such writ shall issue, he will suffer irreparable injury."

Appellee excepted to the petition, because it appeared on its face that the county court of Hidalgo county had acquired jurisdiction of the cause, and that the same was now pending in that court, and that appellant had no right or authority to appeal to a court of equity to deprive the county court of the jurisdiction held and being exercised by it. The court sustained the exceptions, dissolving the temporary restraining order and dismissing the cause.

Under the laws of Texas, the irrigation district, as a political subdivision of a county, had the power of eminent domain, and the mode is fully provided for, exercising such power by entering the county court of the county in which the land or a part thereof is situated. No other court is given the authority to initiate proceedings or to have them executed, except the county court, and all proceedings before the county judge are fully set out in title 52 of the Revised Statutes of 1925. The right of appeal is given from the county court as in other cases. Article 3268. Admittedly, when appellee complied with the statute, as alleged, and entered the county court of Hidalgo county, that court obtained jurisdiction of the subject-matter, and the county judge has full authority to pass on all questions that might arise in the case. If an individual had begun condemnation proceedings, it cannot be reasonably contended that the county court would have the power to deny him the right of condemnation and refuse to appoint commissioners to assess damages. Neither can it be reasonably contended that the county

judge could not decide whether the purpose for which it is sought to condemn the land was legal or not. The statute would be enacting a farce by requiring that a statement in writing be filed with the county judge describing the land sought to be condemned, stating the purpose for which it is intended to be used, the name of the owner, and that the parties have been unable to agree upon the value of the land or the damages, if the county judge was compelled to proceed without the power to inquire into the truth of the statements made and act judicially thereon. If he is not clothed with judicial discretion in these matters, the duties might be performed by the clerk as well. No case has been cited by appellant, nor has a diligent search by this court revealed the issuance of an injunction to restrain the action of the county court in a prima facie legal condemnation suit, and to pass upon issues which might be submitted to the county court. Appellant has the opportunity to be heard on all the matters raised by him as to the legality of a condemnation of his land for the purposes alleged by him. If he should not be satisfied with the action of the county court in the premises, he has the right of appeal, where he can present all the defenses sought to be made the basis of the issuance of a writ of injunction. If the ditch sought to be dug is not for a public use, the presumption will prevail that the county court will not countenance the condemnation of the land. If there is no necessity for appropriating the land, the presumption is that the county court will not permit its appropriation. If the court, however, permits the appropriation of the land in defiance of appellant's rights and the Constitution and laws, appellant can obtain redress by an appeal.

[2] It is admitted by appellant that appellee made a perfect case for securing a hearing before commissioners appointed by the county judge. In other words, the admission is that the allegations of appellee conferred jurisdiction on the county court, but appellant is not willing to meet those issues in the court which has the statutory right to hear them, but seeks to answer the suit of appellee by resort to a court of equity not given the authority to try suits for condemnation of property. It is true, as stated by appellant, that the district court is one of general jurisdiction, but, when a statute confers a special jurisdiction on another court, that deprives the district court of its general jurisdiction over the subject-matter. The jurisdiction of the county court had attached, and, up to the time appellant sought to enjoin action of that court, had taken no step not sanctioned by law. The district court cannot, by injunction or otherwise, deprive the county court of its jurisdiction. No court in Texas has ever upheld interference with the lawful exercise of its jurisdic-

tion by the county court over condemnation suits. All the cases in which injunctions have issued to restrain condemnation proceedings were those in which county courts had violated the law and exceeded their jurisdiction. In this case the proceedings are prima facie legal and regular, and the proceedings are not assailed and sought to be prevented on account of any irregularity on their face, but on account of defenses which appellant may present against condemnation of his property.

In a case somewhat similar to this, Ellis v. Houston & T. C. R. Co., 203 S. W. 172, the Court of Civil Appeals, in connection with an attempt by an owner of land to have a district court restrain commissioners from proceeding in a condemnation suit pending in a county court, and to prevent further steps being taken by the county court, the court held:

"Appellant's contention that the proposed proceedings in the county court will be void for lack of jurisdictional facts, and that the district court had the right to determine in advance of the county court those jurisdictional issues, is predicated upon the assumption that the court of equity can restrain the exercise of a clear unconditional right to condemnation proceedings in another court expressly conferred by statutes the constitutionality of which is not even challenged, and we think it too clear for argument that a court of equity has no such power. As the county court acquired jurisdiction to determine the controversy, and as it had exclusive original jurisdiction to try and determine it, that court's jurisdiction so to do could not be ousted by the district court."

Again the court said:

"If under such a showing it can be said that the property sought to be condemned is not subject to condemnation it must be presumed that the county court will so decide. It cannot be presumed that its decision will be incorrect. In any event, appellant's remedy for an erroneous decision by that court will be by appeal to a higher court in which is vested the power to correct the error."

While the opinion in the cited case, written by Associate Justice Dunklin of the Court of Civil Appeals of the Second District, is so strong and able as to not require any supposed additional strength, it may be stated that the Supreme Court refused a writ of error in the case. The case has been cited with approval in the cases of Stemmons v. Dallas Power & Light Co. (Tex. Civ. App.) 212 S. W. 222; City of Dallas v. Crawford (Tex. Civ. App.) 222 S. W. 305; and Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539. In the last cited case it was said:

"We recognize the correctness of the doctrine of the Ellis and other cases referred to, that is, that where the condemnation of property is sought by a petitioner to whom the power of eminent domain is given by law all questions that may arise in said proceedings, such as the right to exercise the power in the instant case, or the right to condemn the particular property involved, the amount of damages, the regularity of the proceedings, etc., must and should be determined in the condemnation proceedings for the reason that in all such cases the statutes regulating the condemnation of property apply and must therefore control."

It was held in that case that Dallas county could be restrained in condemnation proceedings where the county sought to condemn land in a city on which to build a road; it being manifested on the face of the petition for condemnation that the county could not build roads in a city, and could not condemn land in the city for such purposes. It did not deprive the county court of its jurisdiction because none had attached. It is agreed that the opinion in this case shall apply to, and be decisive in, No. 8025, Harding v. Donna Irrigation Dist. No. 1.

The judgment of the district court is affirmed.