## MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. JONES et al. (No. 1116—5431.)

Commission of Appeals of Texas, Section B. Feb. 19, 1930.

Chas. C. Huff and J. M. Chambers, both of Dallas, and Foree & Rigdell, of Rockwall, for plaintiff in error.

W. P. Dumas and L. S. Stemmons, both of Dallas, for defendants in error.

LEDDY, J. Plaintiff in error obtained an injunction out of the district court restraining defendant in error from prosecuting a condemnation suit instituted by it in the county court of Rockwall county until it could be determined by the district court whether the right to condemn the property in fact existed.

In the condemnation proceeding in the county court, the railway company filed its pleading, in which it was alleged the building of the proposed levee upon its right of way would cause the expenditure of an enormous sum to rebuild its bridges and tracks, and place a burden upon it far in excess of the benefits conferred upon the levee district; it being averred that the cost to the railway company, in adjusting its tracks to the proposed levee, would amount to more than twice the value of all the land sought to be protected thereby, and that by reason of such conditions the exercise by the levee district of the right of eminent domain would be arbitrary and unreasonable.

The railway company insists that it properly invoked the equitable power of the district court, for the reason that the county court was without jurisdiction to determine the question raised by it; that is, whether the right to condemn its property by the levee district existed under the conditions alleged.

It is defendant in error's view that the county court of Rockwall county, being vested with exclusive original jurisdiction in all matters of eminent domain, was clothed with full power and authority to try and adjudicate the question as to whether its right to condemn, under the conditions alleged by the railway company, in fact existed.

In article 1960, R. S. 1925, concerning the jurisdiction of county courts, it is provided: "Jurisdiction shall obtain in all matters of eminent domain over which the county courts have jurisdiction by the general laws of this State."

The procedure for condemning lands is contained in title 52, R. S. 1925. After setting forth the requisites of the application for condemnation, provision is made for the appointment of commissioners to assess and report the damages due the landowner. The procedure to be followed in case either party is dissatisfied with the award is thus prescribed: "If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court." Rev. St. 1925, art. 3266, subd. 6.

It is a salutary rule of construction that, where jurisdiction is conferred upon a court in certain causes, it carries with it as a necessary incident the right to decide *whether that state of facts exists which confers jurisdiction* as well as all other matters which arise in a case legitimately before the court. 15 C. J. 725.

Jurisdiction granted to county courts by the law of this state to hear and determine the condemnation suits by necessary implication includes the right to try and decide all questions which may fairly arise in such controversies, including the right to determine whether the existing facts authorize the exercise of the power thus conferred. Eckerle v. Wood et al., 95 Mo. App. 378, 69 S. W. 45; Quarl v. Abbett, 102 Ind. 233, 1 N. E. 476, 52 Am. Rep. 662; Johnston v. Hunter, 50 W. Va. 52, 40 S. E. 448.

If plaintiff in error's contention be sound, then we would have the anomalous situation of the county court, which is vested with exclusive jurisdiction in all matters of emi-

nent domain, being impotent to exercise such jurisdiction in many instances until the district court should determine, under conflicting evidence, whether the right to condemn in fact exists. In all cases in which the defendant in the county court should raise by its pleadings an issue as to the right to condemn under existing circumstances, it would be necessary to halt the proceedings in the county court until the issue thus raised could be tried and determined in another and different court. It is difficult to reach the conclusion that the Legislature intended any such result when it sought to vest jurisdiction in the county court in matters of eminent domain. It is more reasonable to assume that the Legislature contemplated the power thus conferred upon county courts should be effective to fully accomplish the determination of condemnation matters instead of requiring parallel suits in different courts in regard to the same subject-matter. When it gave jurisdiction to county courts in such cases, it must be presumed that it was the intention to confer such authority as was essential and necessary to accomplish the purpose for which the power was conferred; that is, to determine, subject to appellate review, all questions legitimately involved in any condemnation case. We think such purpose becomes apparent upon a consideration of the provisions of subdivision 3, art. 3268, R. S. 1925, to the effect that, if upon a final trial in the county court *it is determined that the right to condemn does not exist, the court shall so adjudge.* This seems to plainly indicate a purpose to clothe the county court with power to determine the question as to whether under existing conditions a plaintiff has shown a right to condemn the property sought to be taken.

In the case of Gulf Coast Irr. Co. v. Gary, 17 S.W.(2d) 774, decided by section A of the Commission of Appeals, it was held the county court was vested with full power and authority to determine all questions properly arising in a condemnation case, and this holding was expressly approved by the Supreme Court.

The jurisdiction of the county court of Rockwall county having attached in the proceeding in which plaintiff in error's land was sought to be condemned, and that court being clothed by law with full power to try and determine all issues raised by the railway company, the district court was without authority to enjoin the prosecution of such case; hence the Court of Civil Appeals properly ordered a dissolution of the injunction.

In order that there may be no misconception as to the extent of our holding, we desire to say we do not pass upon the question as to whether the facts pleaded by the railway company are sufficient to justify a denial of the proposed condemnation. Such issue is not presented for decision in this proceeding. We merely hold that it is within the province of the county court of Rockwall county to try and determine all defensive matters presented by the railway company in the pending condemnation suit. The correctness of the action of that court upon such matters will be reviewed when properly presented on appeal from its decision.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.