The STATE of Texas et al., Appellants,

v.

Reynolds L. ANDRICKS et al., Appellees.

No. 13255.

Court of Civil Appeals of Texas.
San Antonio.

July 17, 1957.

Rehearing Denied Aug. 14, 1957.

Hubert W. Green, Jr., Criminal Dist. Atty., S. Benton Davies, L. J. Gittinger, Asst. Criminal Dist. Attys., San Antonio, for appellants.

Kampmann & Kampmann, San Antonio, for appellees.

POPE, Justice.

The district court granted a temporary injunction against the Commissioners' Court of Bexar County and the Special Commissioners for a condemnation proceeding, restraining them from condemning or attempting to condemn any part of a water system owned by Reynolds L. Andricks and A. Milner, as well as any property on or over which a main is located. Bexar County sought to acquire lands east of San Antonio for the purpose of widening U. S. Highway No. 90 East. It commenced a condemnation proceeding against Reynolds L. Andricks and A. Milner, and others, for the purpose of acquiring lands they own immediately to the south of Highway 90. Andricks and Milner previously sold lots south of Highway 90, in subdivisions known as Coliseum Park Gardens and East Gate, to about forty persons, and by contract are furnishing them water by means of a privately owned water system. The source of the water is about one mile north of the highway and the water main now crosses and must cross Highway 90 in order to serve those persons. The district court granted the injunction on the reasoning that it amounts to a taking of the water system, which is forbidden by the case of Lone Star Gas Co. v. City of Fort Worth, 128 Tex. 392, 98 S.W.2d 799, 109 A.L.R. 374.

The judgment is reversed and the injunction is dissolved. The Lone Star Gas case is wholly inapplicable to the situation here presented. In that case the City of Forth Worth undertook to condemn the entire facilities of the Lone Star Gas Company. The case holds, and, we believe, nothing else, that no authority existed either by State statute or the pertinent city ordinances for the taking of a public utility, including its going concern value, franchises and contracts. The present case does not concern proceedings which have for their purpose the taking of the water sys-

tem. Andricks and Milner argue, however, that the widening of the road will be a destruction of the entire water system, which amounts to a total taking.

The record does not support such a holding. When Andricks and Milner originally crossed the highway, they did it by sufferance of the State Highway Department, and the terms of the permission included the statement, "that the State Highway Department may require the owner at his own expense to relocate this line * * *." The main can be relocated, and the trial court in its findings even determined the cost of doing it. The record shows that the widening of the highway will require a relocation, and that the water will be cut off for a period of thirty minutes during which the new connections can be made. The difference between the Lone Star Gas Company case and this one is apparent. In that case the city sought to acquire the entire gas system and to assume its operation. In this case, after the condemnation proceedings are over, assuming the condemner acquires all it seeks, Andricks and Milner will still own the whole water system, just as they did before the suit commenced. The only change will be the relocation of a main a short distance near the highway crossing.

The end result of appellees' argument is that no public highway may cross a water main. We know of no such rule. This Court and others have approved the condemnation of utility easements. Chicago, R. I. & G. R. Co. v. Tarrant County Water Control & Improvement Dist. No. 1, 123 Tex. 432, 73 S.W.2d 55; Snellen v. Brazoria County, Tex.Civ.App., 224 S.W. 2d 305; Kingsville Independent School Dist. v. Crenshaw, Tex.Civ.App., 164 S.W.2d 49; Brazos River Gas Co. v. Brazos River Conservation & Reclamation Dist., Tex.Civ. App., 150 S.W.2d 350; Central Power & Light Co. v. Willacy County, Tex.Civ.App., 14 S.W.2d 102; Texas & N. O. R. Co. v. City of Beaumont, Tex.Civ.App., 285 S.W. 944.

 Condemnation is a matter for the County Court and a district court cannot enjoin the County Court from trying any case over which the County Court has jurisdiction. Pickens v. Hidalgo County Water Control and Imp. Dist. No. 16, Tex.Civ. App., 284 S.W.2d 784; Missouri-Kansas-Texas R. Co. of Texas v. Jones, Tex.Com. App., 24 S.W.2d 366; Lone Star Gas Co. v. Webb, Tex.Civ.App., 20 S.W.2d 222; Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, 17 S.W.2d 774; Wilson v. Donna Irr. Dist. No. 1, Hidalgo County, Tex.Civ.App., 8 S.W.2d 187; Texas & N. O. R. Co. v. City of Beaumont, Tex.Civ.App., 285 S.W. 944.

The temporary injunction is dissolved.