The STATE of Texas, Relator,

v.

Honorable Owen GILES et al., Respondents.

No. A–9475.

Supreme Court of Texas.

June 12, 1963.

Rehearing Denied July 10, 1963.

Waggoner Carr, Atty. Gen., Austin. Robert C. Patterson, T. B. Wright, Leslie King, Wm. H. Pool, Jr., and David R. Thomas, Asst. Attys. Gen., for relator.

Mike McKool, McKool & McKool, Locke, Purnell, Boren, Laney & Neely, Dallas, for respondents.

GRIFFIN, Justice.

The State filed with the Judge of the County Court at Law No. One of Dallas County, Texas, a petition to condemn for highway purposes, property situated in Dallas County, Texas, and belonging to J. B. Lapsley and wife, Allie N. Lapsley. This petition was in compliance with Articles 3264 and 1970–3, Vernon's Ann.Civil Statutes. The Judge appointed three special commissioners, who, after taking proper oaths, set a time and place for a hearing and issued and caused to be served notices of hearing to the interested parties in accordance with said Article 3264. The hearing before the special commissioners was set for February 14, 1963. On February 12, 1963, respondents, J. B. Lapsley and wife, filed an action in the 68th Judicial District Court of Dallas County, Texas, presided over by respondent, the Honorable Owen Giles, complaining that relator and its agency, the State Highway Commission of Texas, was proceeding with the condemnation with Leonard Cowley, who they allege is not a disinterested freeholder, serving in such proceeding as a special commissioner. They contend that the proceeding will be void should Cowley continue as a special commissioner. They also contend that the impending condemnation proceeding has placed a cloud on their property sought to be condemned. Respondent Judge issued a

temporary restraining order commanding the relator and its attorneys, agents and employees to refrain from participating in the aforesaid hearing before the special commissioners until ordered to do otherwise. Relator, its agents, servants or representatives, were also directed to appear before Respondent Judge on February 22, 1963, to show cause why said temporary restraining order should not be continued in force as a temporary injunction. On February 14, 1963, Respondent Judge overruled relator's motion to dismiss the said cause now pending in the 68th Judicial District Court and to dissolve said restraining order.

A hearing before the special commissioners was held on February 15, 1963, at which no one appeared or participated in as either an attorney or employee of relator. This hearing was recessed until February 19, 1963. The commissioners issued subpoenas to compel certain of the attorneys for relator and an employee of an agency of the relator to appear at and testify in the hearing set for February 19, 1963.

These proceedings put the relator, its agents and attorneys in the position of being forced to violate the order of either Respondent Judge by obeying the subpoenas issued by the commissioners, or to violate the subpoenas issued by the commissioners and thus obey the order of Respondent Judge.

At this point relator came to this Court with its petition asking leave to file a petition for mandamus against Respondent Judge, commanding him to set aside his temporary restraining order and to refrain from issuing a permanent injunction against relator. We granted relator's petition, set the cause for hearing, and issued appropriate orders staying further proceeding by Respondent Judge and by the commissioners until further orders of the Court.

We direct that Respondent Judge set aside his temporary restraining order and not issue any further orders preventing the commissioners from proceeding in accordance with Articles 3264–3268.

Respondents Lapsley in their original petition in addition to pleading in detail the reasons they feel that the complained-of commissioner is disqualified, also assert that "a cloud has been placed upon their property due to the threatened condemnation during the last several years and plaintiffs have not been able to develop or sell said property." They also allege that any attempt to condemn the property with Cowley as a commissioner, or to make an award or enter a judgment, will be null and void and of no force and effect.

The prayer of this original petition is as follows:

"Wherefore, plaintiffs pray that defendants be cited according to law, and that this Court grant a temporary restraining order, restraining and enjoining the defendants from proceeding with the commissioners' hearing on February 14, 1963, involving plaintiffs' real property described in Exhibits 'A', 'B', 'C' and 'D' in plaintiffs' original petition until further orders of the Court, and for the defendants to appear and show cause why a temporary injunction should not be granted restraining and enjoining the defendants as herein prayed, and upon final hearing herein, this Court determine and find that plaintiffs are the owners of the real property in question and that the cloud placed upon plaintiffs' property by the threat of condemnation be removed, and further that in the alternative, in the event that this matter shall proceed before special commissioners, that the said Leonard M. Cowley not be one of the special commissioners because he is not a disinterested person and/or freeholder, and the said Leonard M. Cowley not be permitted to sit in and determine this matter, and for such other and further relief to which plaintiffs may be entitled at law or in equity."

It will be noted that plaintiffs' original petition seeks an injunction from the Respondent District Judge and upon final

hearing of the petition that Respondents Lapsley be adjudged to be the owners of the real property in question and that the cloud placed upon plaintiffs' property by threat of condemnation be removed; and in the alternative, in the event this matter shall proceed before the special commissioners, that Cowley not be one of the special commissioners, because he is not a disinterested person and/or freeholder, and the said Cowley not be permitted to sit in and determine this matter.

Respondents do not attack the legality of the petition filed, nor the jurisdiction of the Judge of the County Court at Law No. One to appoint commissioners, and for the condemnation proceedings to be carried out as provided by statutes.

■ At this stage of the condemnation proceeding it is an administrative and not a judicial proceeding. Pearson v. State (1958), 159 Tex. 66, 315 S.W.2d 935; Lower Nueces River Water Supply Dist. v. Cartwright (1959), 160 Tex. 239, 328 S.W. 2d 752, 753, 754; McInnis v. Brown County Water Improvement Dist. No. 1 (Tex.Civ. App.1931), 41 S.W.2d 741, 744, writ refused.

In the case of Gulf, C. & S. F. Ry. Co. v. Ft. Worth & R. G. Ry. Co. (1894), 86 Tex. 537, 26 S.W. 54, Ft. Worth Railway filed a petition with the County Judge of Brown County to condemn land enabling Ft. Worth to cross Santa Fe right-of-way and construct a Y. The County Judge appointed commissioners who proceeded according to statute and awarded Santa Fe $5.00 as damages. Santa Fe appeared before the commissioners and objected to the jurisdiction of the County Judge to appoint them, alleged that the commissioners were disqualified to act as such by virtue of the fact that each of them was bound to pay, with others, for right-of-way and damages for this crossing and building a Y; therefore, the commissioners were disqualified and any award made by them would be void. Santa Fe made no objection to the award nor took an appeal to court from the commissioners' award.

Santa Fe then brought its suit against Ft. Worth Railway Co. in the District Court of Johnson County, making allegations as aforesaid and asking for an injunction to restrain Ft. Worth from crossing Santa Fe's right-of-way. The trial court denied injunction, which action was affirmed by the Court of Civil Appeals.

The Supreme Court, speaking through Judge Brown, affirmed the Court of Civil Appeals. In discussing the matter of the disqualification of the commissioners appointed by the County Judge, the Court said:

> "The law required that the county judge should appoint disinterested freeholders of the county, which involved an investigation of and decision as to their qualification, as an official act, and in this proceeding the court will conclusively presume that he decided correctly. Houston Tap & B. Railroad Co. v. Randolph, 24 Tex. 317; Foster v. Wells, 4 Tex. 101; Burdett v. Silsbee's Adm'r, 15 Tex. 604; Johnson v. Smith, 21 Tex. 722; Hatch v. Dunn, 11 Tex. 708." 26 S.W. p. 60.

The Court then recited that the record showed that Santa Fe knew of this ground for disqualification four days after the award was made, and within the ten days allowed. The Court then says:

> " * * * during that time (the ten days), plaintiff, by filing objections to it (the award), would have been entitled to a trial de novo before a jury, by which objections it would have set aside the award, and thus have secured ample protection before the county court, with the right of appeal to the court of (Civil) appeals if its rights were not fully protected."

The Court then said that Santa Fe not having availed itself of so simple and effective a remedy:

> " * * * [W]e see no reason why the rules of law by which such proceedings are held to be binding upon parties

to them, when duly notified, should be departed from, and a collateral attack allowed to be made upon the proceedings of a court of competent jurisdiction."

In the case of Gregg v. Lower Nueces River Water Supply District et al. (Tex. Civ.App.1957), 303 S.W.2d 812, writ refused, Gregg filed a trespass to try title suit in the district court of San Patricio County, Texas against Water Supply District, seeking to recover mineral interests under described lands. Thereafter, the District filed condemnation proceedings in Jim Wells County against Gregg et al., to condemn lands for creation of Wesley Seale Lake. In its condemnation suit, the District included a part of the land included in Gregg's trespass to try title suit. Thereafter, Gregg sought an injunction against the District to prevent it from proceeding further with its Jim Wells County suit. On hearing, the District Court refused the injunction. The Court of Civil Appeals said:

"The law is well settled in this State that the condemnor cannot * * * be enjoined by the District Court from proceeding with its condemnation suit in the County Court, even though the suit in the District Court was filed first, unless the 1945 amendment of Article 3269 makes such requirement. Lone Star Gas Co. v. Webb, Tex.Civ.App., 20 S.W.2d 222; Rabb v. La Feria Mut. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916, writ refused."

After discussing Gregg's contention that Art. 3269 gives the landowner the right to file a trespass to try title suit in the District Court and force condemnation in the District Court, the Court holds that Art. 3269 gives only to condemnor the right to elect to condemn in the District Court. In the absence of such election, the District Court has no right to enjoin prosecution by condemnor of the condemnation in the County Court. The Court also disposes adversely of Gregg's contention that having filed his suit in the District Court first,

the County Court's condemnation powers were superseded.

In the case of Rabb v. LaFeria Mutual Canal Co. (Tex.Civ.App.1910), 62 Tex.Civ. App. 24, 130 S.W. 916, writ refused, a dispute arose between Rabb, the Canal Company and others as to the ownership of a tract of land across which the Canal Company was attempting to dig its ditch. Rabb went into a district court with a trespass to try title suit and asked for an injunction to prevent the Canal Company from crossing this land. Thereupon Canal Company filed its petition for condemnation before the County Judge, who appointed commissioners for condemnation. These commissioners gave notice, a hearing was had, and an award made. Rabb appeared at the hearing and protested the legal competency of the commissioners and preserved his right to object to the condemnation proceedings in the proper court. The Canal Company put up the amount of award and prepared to take possession of the land. Rabb and others appealed the award to the County Court, where the appeal was pending at the time the Court of Civil Appeals decided the case. Canal Company came into the district court, pleaded the condemnation proceedings, and moved for dissolution of Rabb's temporary injunction. The District Judge granted Canal Company's motion and dissolved the injunction. Rabb appealed to the Court of Civil Appeals. In affirming the action of the trial court dissolving the injunction, the Court said:

"It was also objected that the condemnation proceedings were void because of the pendency of this suit whereby the jurisdiction of the district court attached to the land in controversy, in which the land could be condemned for the use of the canal company. It is true that in this suit the district court had authority to condemn the land and award the damages (article 4472, Rev. St.1895 [the predecessor of present Article 3269]), but necessarily this could not be done until a final determination of the question of title as between ap-

pellant and the irrigation company. Appellee could not be required to wait until this was done, but might resort to the proceedings under the statute, as it did do, in order to have an immediate condemnation. Otherwise, it might have to wait for years before it could proceed with the prosecution of this quasi public work. * * *"

See also Wilson v. Donna Irrigation Dist. etc. (Tex.Civ.App.1928), 8 S.W.2d 187, writ refused; State of Texas v. Andricks (Tex. Civ.App.1957), 304 S.W.2d 566, writ refused; Benat v. Dallas County (Tex.Civ. App.1924), 266 S.W. 539(6), writ refused; Ellis v. Houston & T. C. Ry. Co. (Tex.Civ. App.1918), 203 S.W. 172(2), (3) and (4), writ refused.

 The district court has no jurisdiction to interfere with the progress of a condemnation proceeding before the Commissioners of condemnation because of the disqualification of one of the Commissioners. Therefore Judge Giles' orders herein are void, and relator is entitled to a mandamus.

Respondents amended their petition in the district court, alleging that there was a title dispute between relator and respondents as to lands included in the condemnation.

Since relator is condemning this right-of-way under Arts. 3264 et seq., relator admits as a matter of law the title in respondents to all of the land sought to be condemned. Houston North Shore Ry. Co. v. Tyrrell (1936), 128 Tex. 248, 98 S.W.2d 786(7), 108 A.L.R. 1508 and authorities therein cited.

Relator filed its answer to respondents' amended original petition in which it specifically admitted respondents' title to all the land sought to be condemned.

The pleadings of respondents as to a cloud being cast on their title and the law regarding the effect of relator's condemnation petition, show respondents are not entitled to have the injunction issue.

From the authorities above quoted, it must follow that Respondent Giles was in error in issuing the temporary restraining order. We are sure Respondent Giles will set aside the temporary restraining order heretofore issued, and not interfere further with the condemnation proceedings, therefore we will not issue the Writ of Mandamus. Should Respondent Giles not abide by this decision, the clerk of this Court will issue an appropriate Writ of Mandamus.

SMITH, J., dissenting.