**TRINITY RIVER AUTHORITY OF TEXAS, Appellant,**

v.

**SOUTHLAND PAPER MILLS, INC., Appellee.**

*Court of Civil Appeals of Texas.*

Beaumont.

Dec. 11, 1969.

Motion for Rehearing Overruled
Jan. 8, 1970.

Clark, Thomas, Harris, Denius & Winters, Mary Joe Carroll, Austin, Lloyd C. Martin, Huntsville, David Crews, Conroe, for appellant.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, James R. Cornelius, Jr., Lufkin, W. C. McClain, Conroe, Ross Hightower, Livingston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the Ninth Judicial District Court of Polk County, granting a temporary injunction. The parties will be referred to here as they were in the trial court.

Plaintiff, Southland Paper Mills, Inc., brought this action for a declaratory judgment against defendant, Trinity River Authority of Texas. The allegations in plaintiff's petition showed, in substance: That the Livingston Lake Project had been under construction for many years, with no recreation parks planned in the original project. That defendant had recently publicly announced that it intended to acquire additional land for recreational sites. That plaintiff owned much of the land which defendant intended to acquire. That defendant's threat to condemn this land constituted a cloud on plaintiff's title. That defendant had no legal right to condemn land for recreational purposes and such action would be void.

After plaintiff's suit had been filed, defendant initiated condemnation proceedings in the County Court of Trinity County to take certain land owned by defendant in such County. Defendant then filed its answer in the original declaratory judgment suit, attaching a copy of the petition in condemnation, and asking that the District Court case be abated. Plaintiff filed an application, in the original District Court case, for a temporary restraining order and temporary injunction to restrain defendant from proceeding in the County Court of Trinity County, and to maintain the status quo until the District Court case could be heard. The District Court granted the temporary restraining order, and then upon hearing, granted the temporary injunction, from which defendant has brought this appeal.

Defendant has a point of error that the trial court erred in granting a temporary injunction beyond its authority and jurisdiction. This point of error must be sustained.

This proposition was settled, without question, in the recent opinion of the Supreme Court of Texas, dated October 30, 1969, in Tonahill v. Gulf States Utilities Company, 446 S.W.2d 301. We quote from this opinion:

"The right of appeal affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners. There was no occasion then for the district court to enjoin the proceedings, and the temporary injunction was properly dissolved by the Court of Civil Appeals."

Our action in this case is without prejudice to plaintiff's right to seek injunctive relief in the event of an attempt to enter upon or damage its land under the colorable authority of a void condemnation proceeding.

The judgment below is reversed, the temporary injunction is dissolved, and that portion of the case is dismissed.

Reversed and dismissed.