**CITY OF GARLAND, Texas, et al., Appellants,**

v.

**Charles M. MAYHEW, et al., Appellees.**

**No. 880.**

Court of Civil Appeals of Texas, Tyler.

Sept. 18, 1975.

Rehearing Denied Oct. 23, 1975.

Edward Blackstone, Asst. Dist. Atty., Earl Luna, Luna, Murto & Sibley, Dallas, Pete Eckert, City Atty., Garland, for appellant, Judge Robert E. Day.

H. P. Kucera, Thomas C. Unis, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

McKAY, Justice.

Appellants, City of Garland and the Honorable Robert E. Day, Judge of the County Court at Law No. 4, Dallas County, bring this appeal from a summary judgment rendered in the 134th Judicial District Court of Dallas County, Texas, in favor of appellee, Charles M. Mayhew. The judgment of the district court overruled the plea in abatement of appellants and permanently enjoined the City of Garland and its attorneys from further prosecuting the condemnation proceeding instituted by them in the County Court at Law No. 4, Dallas County, Texas, being Cause No. CC–74–11548–d. We hold that the district court was without jurisdiction to enjoin the condemnation proceedings in the county court at law, and the permanent injunction should be dissolved.

The City of Garland, a home rule city, is building a new sewage plant called the Duck Creek Sewage Disposal Plant. The City Council of Garland decided it was necessary for the city to obtain the fee simple title to certain real property belonging to appellee, Charles M. Mayhew, for the purposes of building, owning and maintaining related appurtenances to the sewage disposal plant, including roadways, a railroad spur track, and for other municipal purposes. Pursuant to this decision, the City of Garland instituted condemnation proceedings to condemn the strip of land belonging to appellee in the County Court at Law No. 4 of Dallas County, the Honorable Robert E. Day presiding.

After notice and hearing, the commissioners appointed by Judge Day returned an award to compensate the appellee for the property proposed to be taken. Appellee then filed an appeal from the award of the commissioners with the county court at law objecting to the authority and jurisdiction of the court to entertain the petition for condemnation and to the award on the following grounds: (1) the City of Garland did not make a bona fide offer to the appellees for the acquisition of the property; (2) the city is not authorized by Art. 3264, V.A.T.S. to condemn property for railroad purposes or to operate a railroad; (3) the city could condemn only for a permanent easement for railroad purposes and not in fee simple; and (4) the city could not condemn property within the corporate limits of the town of Sunnyvale without the consent of Sunnyvale.

Subsequently, appellee filed a petition for injunction in the 134th Judicial District Court of Dallas County to enjoin the City of Garland from further prosecuting the condemnation proceedings and to enjoin Judge Day from further entertaining such proceedings in the County Court at Law No. 4. Appellants filed a plea in abatement in the district court alleging the pendency of the condemnation suit in the county court at law. Appellee filed a motion for summary judgment alleging there was no material issue of fact in that (1) the City of Garland does not have authority to condemn property in the town of Sunnyvale without its consent; (2) the City of Garland does not have authority to condemn property for railroad purposes nor to own and operate a railroad; and (3) the City of Garland cannot condemn property in fee simple for a railroad right of way, rather, if it possesses such authority it should condemn for a permanent easement.

In the judgment of the district court, appellants' plea in abatement was overruled; the appellee's motion for summary judgment was granted; and the City of Garland and its attorneys were permanently enjoined from further prosecuting the

condemnation proceedings in the county court at law. The City of Garland and Judge Day gave notice of appeal from such judgment and have perfected their appeal to this court.

◼ Appellants urge that the trial court erred in assuming jurisdiction to grant the injunction because the county court at law had exclusive jurisdiction to determine all issues raised in the condemnation case. We agree with this contention.

It would appear from the language in appellee's motion that the summary judgment was granted upon the ground that the City of Garland did not have the power or authority to condemn the particular property involved for the purposes expressed. There was no contention or pleading in such motion that the county court at law lacked jurisdiction of the case or that the City of Garland lacked the general power of condemnation. Therefore, in our opinion the district court exceeded its jurisdiction in entertaining the petition of appellee and in granting the summary judgment.

◼ The county court at law is a court of general jurisdiction in eminent domain matters, and this jurisdiction by necessary implication includes the right to try and decide all questions which may arise in such controversies, including the right to determine whether the existing facts authorize the exercise of the power thus conferred. *Austin Independent School District v. Sierra Club,* 495 S.W.2d 878 (Tex.1973); *Missouri-Kansas-Texas R. Co. of Texas v. Jones,* 24 S.W.2d 366 (Tex.Comm'n App.1930). The county court's jurisdiction in a condemnation suit attaches immediately upon the filing of a petition containing the statutory allegations requisite to condemn property, *Compton v. Texas Southeastern Gas Company,* 315 S.W.2d 345 (Tex.Civ.App.—Houston, 1958, writ ref'd n. r. e.); and once that jurisdiction attaches, the county court is the only tribunal with the authority to determine in the first instance any objections raised in connection with the condemnation proceedings. *Texas & N. O. R. Co. v. City of Beaumont,* 285 S.W. 944 (Tex.Civ.App.—Beaumont, 1926, writ ref'd).

In the earlier case of *Missouri-Kansas-Texas R. Co. of Texas v. Jones,* supra, the Commission of Appeals construed the language of Article 3268, sec. 3, V.A.T.S., and answered the precise question involved here in the following words:

"This (Art. 3268) seems to plainly indicate a purpose to clothe the county court with power to determine the question as to whether under existing conditions a plaintiff has shown a *right to condemn* the property sought to be taken." (emphasis added)

In *Austin Independent School District v. Sierra Club,* supra, the Supreme Court of Texas has recently reemphasized the holding in *Jones* with the following language:

"It is clear then that the question of the District's *right to condemn* the school site under the facts and circumstances of the case does not go to the jurisdiction of the County Court at Law but was a matter to be resolved by that court in the exercise of its jurisdiction." (emphasis added)

The jurisdiction of the County Court at Law No. 4 having been invoked, that court had exclusive jurisdiction to determine whatever right, power or authority the City of Garland possessed to condemn the particular property involved for the purposes expressed. Art. 3268, sec. 3, V.A.T.S.; *Austin Independent School District v. Sierra Club,* supra; *Missouri-Kansas-Texas R. Co. of Texas v. Jones,* supra; *White River Municipal Water District v. Walker,* 370 S.W.2d 945 (Tex.Civ.App.—Amarillo, 1963, no writ); *Pickens v. Hidalgo County Water Control and Improvement District Number Sixteen,* 284 S.W.2d 784 (Tex.Civ.App.—San Antonio, 1955, no writ). Since the county court has exclusive statutory jurisdiction in all eminent domain matters, once that jurisdiction is invoked and attaches, the property owner is precluded from pursuing a parallel suit in the district court in the same subject matter. *Nagy v. City of Amarillo,* 358 S.W.2d 682 (Tex.Civ.App.—Amarillo,

1962, writ ref'd n. r. e.). The district court was without jurisdiction to entertain the suit of appellee. Appellee has ample opportunity to seek the redress of any grievances suffered in the county court at law through the appellate process.

In light of the district court's lack of jurisdiction, further consideration of the points raised on this appeal is unnecessary.

The judgment of the district court is reversed, the injunction is dissolved, and the suit is dismissed.

Reversed and dismissed.