COASTAL INDUSTRIAL WATER
AUTHORITY et al., Appellants,

v.

HOUSTON LIGHTING & POWER
COMPANY, Appellee.

No. 1773.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 8, 1978.

On Motion for Rehearing April 12, 1978.

Robert M. Collie, Jr., City Atty., Fred R. Spence, Jr., Asst. City Atty., F. Russell Kendall, Michael E. Alexander, Vinson & Elkins, Houston, for appellants.

Hugh R. Kelly, John C. Allen, Baker & Botts, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order temporarily enjoining the condemnation of an easement for public use.

The Coastal Industrial Water Authority (CIWA or appellant) is a governmental agency of the State of Texas. CIWA was created to prevent the depletion of underground water supplies, and resulting land subsidence, in Liberty, Chambers and Harris Counties. It attempts to prevent the depletion of underground water by agricultural and industrial users by supplying surface water from the Trinity River to those users. In order to transport surface water from the Trinity River in Liberty County to industrial and agricultural users in Harris County, CIWA has developed a system of surface canals and underground water pipelines. CIWA has acquired the land on which the canals and pipelines are located by purchase and by condemnation. CIWA is vested with the authority to acquire either the fee simple title to or an easement on private and public lands by purchase or condemnation. Tex.Rev.Civ.Stat.Ann. art. 8280–355, § 3 (Cum.Supp.1967); Tex. Water Code Ann. § 51.123 (1972).

CIWA commenced negotiations with Houston Lighting & Power Company (HL&P or appellee) in 1972 in an attempt to acquire a permanent easement for a CIWA water pipeline across a 13.09 acre strip of land on the appellee's Sam Bertron Generating Station in Harris County, Texas. HL&P is a Texas corporation that is engaged in the business of generating and supplying electrical energy for industrial, commercial and residential purposes in the City of Houston and surrounding areas. On August 18, 1977, CIWA notified HL&P that if CIWA could not purchase the permanent 13.09 acre pipeline easement and a temporary 2.89 acre construction easement it would attempt to acquire them by condemnation.

HL&P instituted an action for declaratory and injunctive relief in district court on August 26, 1977. HL&P claimed, in its original petition, that CIWA's attempted acquisition of the easements is unauthorized, and that it would effectively destroy the public use to which the property previously has been dedicated by HL&P. The Board of Directors of CIWA passed a resolution on September 6, 1977, declaring that public convenience and necessity require the acquisition of the two easements by eminent domain. On the following day, CIWA initiated condemnation proceedings

in the County Civil Court at Law No. 1 of Harris County, and special commissioners were appointed and sworn in by that court. The special commissioners set a condemnation hearing for September 22, 1977. On September 22, 1977, however, the District Court for the 133rd Judicial District of Texas granted a temporary injunction, which enjoined CIWA

> from taking, or attempting to take, by condemnation proceedings or otherwise, temporary or permanent easements across the plaintiff's Sam Bertron Electric Generating Station plant site for water pipeline purposes, and directing [it] to dismiss all pending condemnation proceedings pertaining to such easements.

In its appeal from the temporary injunction, CIWA has assigned seven points of error.

▮▮▮ CIWA asserts, in its first two points of error, that the district court lacked jurisdiction to enjoin CIWA from prosecuting the condemnation proceedings in the county civil court at law. When a public entity vested with eminent domain powers institutes condemnation proceedings by filing a statement in a county court at law, the court appoints three special commissioners to determine the value of the property. Tex.Rev.Civ.Stat.Ann. art. 3264, §§ 1–2 (1968). After the value is determined by the special commissioners, the condemnor may deposit with the court an amount of money equal to that value and immediately take possession of the property and devote the property to its own use. Tex.Rev.Civ.Stat.Ann. art. 3268, § 1 (1968), and § 2 (Supp.1978). CIWA correctly maintains that if the county civil court at law determines, in a final trial on the merits, that CIWA lacks the right to condemn the easements, the court may order CIWA to relinquish possession of the easements, remove the pipeline, and compensate HL&P for any damages sustained as a result of CIWA's possession. Tex.Rev.Civ.Stat.Ann. art. 3268, § 3 (1968).

There was testimony in the district court tending to show that CIWA's acquisition of the easements would materially impair construction planned by HL&P for 1978. The expense to the public of such an impairment of HL&P's planned public use of the property could be great. The construction of a pipeline and its subsequent removal by CIWA pursuant to an order of the county civil court at law, likewise, might be prohibitively expensive. As HL&P points out, therefore, to allow CIWA to acquire the easements in this case is to present the county civil court at law with a *fait accompli.* The record reflects that the district court was concerned by these considerations, and we share that concern. The district court would be an ideal forum for determining whether CIWA has a right to condemn the easements. CIWA has a statutory right to file a counterclaim for condemnation in the district court in HL&P's suit for declaratory judgment and injunctive relief. Tex.Rev.Civ.Stat.Ann. art. 3269 (1968). Had CIWA done so, we have no doubt that it could have received a speedy adjudication of its right to condemn the easements by obtaining a preferential setting to settle this important public question. Such an adjudication would be preferable to allowing CIWA to acquire the easement and commence costly construction of the pipeline prior to a determination in the county civil court at law as to which is the superior of the two conflicting public purposes. If we were writing on a clean slate, therefore, we would uphold the temporary injunction and permit the district court to preserve the status quo.

We are not free to reach that decision, however. We are bound by prior decisions holding that a district court lacks jurisdiction to enjoin condemnation proceedings instituted in a county court at law, even though the proceedings were begun after the filing of a suit for declaratory relief in the district court. *Trinity River Auth. v. Southland Paper Mills, Inc.,* 448 S.W.2d 516 (Tex.Civ.App.—Beaumont 1969, no writ); *see State v. Giles,* 368 S.W.2d 943, 946 (Tex. Sup.1963); *cf., e. g., Tonahill v. Gulf States Utilities Company,* 446 S.W.2d 301 (Tex. Sup.1969) (per curiam opinion on application for writ of error); *Gulf Coast Irr. Co. v. Gary,* 118 Tex. 469, 14 S.W.2d 266 (Tex.

Comm'nApp.1929,·opinion adopted); *City of Garland v. Mayhew,* 528 S.W.2d 305 (Tex. Civ.App.—Tyler 1975, writ ref'd n. r. e.); *City of Houston v. Plantation Land Company,* 440 S.W.2d 691 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.); *State v. Andricks,* 304 S.W.2d 566 (Tex.Civ. App.—San Antonio 1957, writ ref'd). We therefore sustain the appellant's first two points of error.

The judgment of the trial court is reversed, the temporary injunction is dissolved, and the cause is otherwise remanded.

CIRE, Justice, dissenting.

I respectfully disagree with the majority.

County courts originally had exclusive jurisdiction over condemnation proceedings. *Wilson v. Donna Irr. Dist. No. 1,* 8 S.W.2d 187 (Tex.Civ.App.—San Antonio 1928, writ ref'd). In 1971, however, the Legislature enacted article 3266a, which states in part:

> The district courts of all counties in the State shall have jurisdiction concurrent with the county courts at law in eminent domain cases. The county courts shall have no jurisdiction in eminent domain cases.

Tex.Rev.Civ.Stat.Ann. art. 3266a, § 1 (Supp. 1978). That statutory provision clearly removes any impediment to the district court's exercise of jurisdiction in eminent domain matters. When HL&P filed its action for declaratory relief in the district court prior to the institution of condemnation proceedings, the district court acquired dominant jurisdiction to the exclusion of the county civil court at law. *See Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.Sup.1974). I believe that the cases cited in the majority opinion to the contrary are inapposite, since, with the exception of *City of Garland v. Mayhew,* 528 S.W.2d 305 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.), they state the pre-1971 rule. The *Mayhew* case can be distinguished. There, suit was first brought in the county court at law.

I therefore respectfully dissent.

ON MOTION FOR REHEARING

J. CURTISS BROWN, Chief Justice.

While appellee's Motion for Rehearing was pending, the Cause was settled.