# Supreme Court of Texas

No. 21-0541

In re Breviloba, LLC,
*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

"District courts and county courts at law have concurrent jurisdiction in eminent domain cases." TEX. PROP. CODE § 21.001.[1] In a county with a county court at law, an eminent domain case must ordinarily be filed in that court. *Id.* § 21.013(b). But if an eminent domain case "involves an issue of title or *any other matter that cannot be fully adjudicated*" in the county court at law, that court must transfer the case to the district court. *Id.* § 21.002 (emphasis added). "*In addition* to" county courts at law's eminent domain jurisdiction, some county courts at law also have concurrent jurisdiction with district

---

[1] A county court at law is a type of statutory county court created by the Legislature under Article V, Section 1 of the Texas Constitution. *See* TEX. GOV'T CODE § 21.009(2). A county court, also called a constitutional county court, is the court created in each county by Article V, Section 15 of the Texas Constitution. *Id.* § 21.009(1). Constitutional county courts have no jurisdiction in eminent domain cases. TEX. PROP. CODE § 21.001.

courts in civil cases, limited by a dollar cap on the amount in controversy. TEX. GOV'T CODE § 25.0003(c)(1) (emphasis added). The question before us is this: in an eminent domain case brought in a county court at law, do counterclaims that challenge the authority to condemn and seek damages in excess of the amount-in-controversy cap on the court's *additional jurisdiction* require a transfer to the district court? Here, the county court at law answered no. A divided court of appeals disagreed. 625 S.W.3d 220 (Tex. App.—Waco 2021). We agree with the county court at law.

Breviloba, LLC sued H & S Hoke Ranch, LLC in the Walker County Court at Law to condemn a 50-foot-wide pipeline easement across Hoke Ranch's property.[2] Hoke Ranch counterclaimed, asserting that Breviloba is not a common carrier and therefore lacks condemnation authority. Hoke Ranch alleged that Breviloba's unauthorized taking constituted bad-faith trespass and fraud. After receiving some unfavorable rulings from the court, Hoke Ranch amended its counterclaims to specify that it sought ownership of the portion of pipeline crossing over its land. It included an "alternative pleading" alleging over $13 million in damages if Breviloba retained ownership of the pipeline. Hoke Ranch moved to transfer the counterclaims to the district court, arguing that they exceeded the court's jurisdictional limit. The county court at law denied the motion to transfer.

---

[2] During this litigation, the pipeline has been completed.

2

Hoke Ranch petitioned for mandamus relief, which the court of appeals granted. 625 S.W.3d at 224. Section 25.0003(c)(1) of the Government Code provides:

> In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in: (1) civil cases in which the matter in controversy exceeds $500 but does not exceed $250,000 . . . as alleged on the face of the petition . . . .

Since Hoke Ranch's $13 million counterclaims exceeded the county court at law's jurisdictional limit, the majority reasoned that the county court at law lacked jurisdiction over them, requiring that the entire case be transferred to the district court. *Id.* at 223-24. The dissent argued that the amount-in-controversy limit did not apply because county courts at law possess jurisdiction over eminent domain proceedings regardless of the amount in controversy. *Id.* at 225 (Neill, J., dissenting). Now on petition for writ of mandamus in this Court, Breviloba argues that the county court at law has jurisdiction over Hoke Ranch's counterclaims and therefore the entire case.

Section 25.0003(c)(1)'s grant of jurisdiction to county courts at law does not limit the jurisdiction granted by other statutes but is "[i]n addition to other jurisdiction provided by law." TEX. GOV'T CODE § 25.0003(c). This is in contrast to, for example, the immediately preceding provision, which plainly *limits* the jurisdiction of county courts at law: "A statutory county court does not have jurisdiction over causes and proceedings concerning [certain listed items]." *Id.* § 25.0003(b). Moreover, Section 25.0003(c)(1) applies only in cases

where the "county court [at law is] exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court." *Id.* § 25.0003(c). This is not true in eminent domain proceedings, over which "[a constitutional] county court has no jurisdiction." TEX. PROP. CODE § 21.001. The amount-in-controversy limitation placed on Section 25.0003(c)(1)'s specific additional grant of jurisdiction does not apply to Section 21.001's self-contained grant of jurisdiction over eminent domain cases.

A handful of statutes grant some county courts at law jurisdiction over certain matters "regardless of the amount in controversy." TEX. GOV'T CODE §§ 25.0592(a) (Dallas County), 25.0722(c) (Ellis County), 25.2222(b)(4) (Tarrant County). Of particular relevance,[3] the jurisdictional grant for Tarrant County courts at law specifically grants "concurrent jurisdiction with the district court in . . . eminent domain proceedings, . . . *regardless of the amount in controversy.*" *Id.* § 25.2222(b)(4) (emphasis added). Hoke Ranch argues that this provision is redundant under our interpretation of Section 25.0003(c)(1).

County courts at law are creatures of statute with varying jurisdiction individually demarcated by the Legislature. *See* TEX. GOV'T CODE §§ 25.0041-.2512 (creating and defining the jurisdiction of statutory county courts in 94 of Texas' 254 counties). The result is a

---

[3] The Dallas County and Ellis County statutes are off point. Those statutes grant "concurrent jurisdiction with the district court in civil cases regardless of the amount in controversy." TEX. GOV'T CODE §§ 25.0592(a), 25.0722(c). The grants do away with Section 25.0003(c)(1)'s amount-in-controversy limitation for the civil cases it would otherwise apply to. They have no bearing on eminent domain jurisdiction, which is separately granted by Section 21.001 of the Property Code.

4

broad array of statutory courts, each with its own specific jurisdictional grant—creating a predictable degree of disuniformity. Standard jurisdictional grants for statutory county courts, including the one at issue in this case, expressly incorporate general grants of jurisdiction from other statutory provisions such as Section 21.001. *E.g.*, TEX. GOV'T CODE § 25.2382(a) ("*In addition to the jurisdiction provided by Section 25.0003 and other law*, a county court at law in Walker County has concurrent jurisdiction with the district court in [specific listed items]." (emphasis added)).

But for reasons probably attributable to historical anomaly, Tarrant County's grant does not expressly incorporate all the general grants of jurisdiction provided by other statutory provisions such as Section 21.001. Instead, it first incorporates the jurisdiction granted to constitutional county courts, TEX. GOV'T CODE § 25.2222(a), which again does not include jurisdiction over eminent domain cases. TEX. PROP. CODE § 21.001. It then lists specific items over which the statutory county court has concurrent jurisdiction with a district court, with no broad incorporation of any other jurisdictional sources. TEX. GOV'T CODE § 25.2222(b) ("A county court at law has concurrent jurisdiction with the district court in: [specific listed items]."). This is in contrast to the standard jurisdictional grant for statutory county courts, including Walker County's. *Id.* § 25.2382(a).

Thus, the provision granting eminent domain jurisdiction to statutory county courts in Tarrant County "regardless of the amount in controversy" simply clarifies that, despite the different jurisdictional language, these courts have the same jurisdiction over eminent domain

cases as that granted by Section 21.001 of the Property Code. *Cf.* TEX. GOV'T CODE § 25.0633(e)(2)(A) (granting, "*regardless of the amount in controversy sought*, [jurisdiction over] eminent domain cases *as provided by Section 21.001, Property Code*" to one of Denton County's two county courts at law (emphases added)); *In re Estate of Nash*, 220 S.W.3d 914, 918 (Tex. 2007) ("[T]here are times when redundancies are precisely what the Legislature intended . . . .").

This conclusion is further bolstered by our decision in *AIC Management v. Crews*, 246 S.W.3d 640 (Tex. 2008). There we held that "in Harris County, the county [courts at law's] jurisdiction to decide issues of title arising out of condemnation proceedings is in addition to their general concurrent jurisdiction described in section 25.0003(c) and is not dependent upon the amount in controversy." *Id.* at 644. In coming to this conclusion, we favorably cited *In re Burlington North & Santa Fe Railway Co.*, 12 S.W.3d 891 (Tex. App.—Houston [14th Dist.] 2000, no pet.). *Crews*, 246 S.W.3d at 644. Consistent with our holding today, *Burlington* held that Section 21.001 of the Property Code granted a county court at law jurisdiction over eminent domain cases irrespective of the amount in controversy. 12 S.W.3d at 899 ("[A]s to condemnation proceedings, the [county court at law's] jurisdiction is based on the subject matter, not the amount in controversy."). While *Crews* did not interpret Section 21.001, it lends support to our holding that the limitations on Section 25.0003(c)(1)'s additional grant of jurisdiction do not attach to Section 21.001's independent jurisdictional grant over eminent domain cases.

6

The counterclaims at issue, which challenge Breviloba's authority to condemn, are part of an eminent domain case and therefore not subject to an amount-in-controversy limitation. Courts of this State have long held that jurisdiction over eminent domain cases includes jurisdiction to adjudicate the condemnor's eminent domain authority. *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 882 (Tex. 1973) ("[T]he question of the District's right to condemn the school site under the facts and circumstances of the case does not go to the jurisdiction of the County Court at Law but was a matter to be resolved by that court in the exercise of its jurisdiction."); *Mo.-Kan.-Tex. R.R. Co. v. Jones*, 24 S.W.2d 366, 366-67 (Tex. Comm'n App. 1930, judgm't affirmed) ("Jurisdiction granted to county courts by the law of this state to hear and determine the condemnation suits by necessary implication includes the right to try and decide all questions which may fairly arise in such controversies, including the right to determine whether the existing facts authorize the exercise of the power thus conferred."); *City of Garland v. Mayhew*, 528 S.W.2d 305, 307 (Tex. App.—Tyler 1975, writ ref'd n.r.e.) ("The county court at law is a court of general jurisdiction in eminent domain matters, and this jurisdiction by necessary implication includes the right to try and decide all questions which may arise in such controversies, including the right to determine whether the existing facts authorize the exercise of the power thus conferred." (citing *Sierra Club*, 495 S.W.2d 878, and *Mo.-Kan.-Tex. R.R. Co.*, 24 S.W.2d 366)). We reinforce that holding. Jurisdiction over "eminent domain cases" would be a hollow grant without the ability to adjudicate condemnation authority.

Hoke Ranch's styling of its objections to Breviloba's eminent domain authority does not alter our analysis. We are guided by the "nature" and "gravamen" of a claim, not how the claim is artfully pleaded or recast. *See, e.g.*, *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 283 (Tex. 2017); *City of Watauga v. Gordon*, 434 S.W.3d 586, 593 (Tex. 2014). Hoke Ranch's counterclaims allege that Breviloba is a "sham entity" created to circumvent restrictions placed on the exercise of eminent domain by private entities and therefore not a common carrier with the right to condemn. This is the gravamen of Hoke Ranch's counterclaims, regardless of how Hoke Ranch styles the causes of action or the remedies that it seeks. Again, challenges to a condemnor's eminent domain authority fall within Section 21.001's grant of jurisdiction over "eminent domain cases." Since the gravamen of Hoke Ranch's counterclaims is a challenge to Breviloba's eminent domain authority and therefore part of an eminent domain case, Section 21.001 grants county-court jurisdiction over the counterclaims.[4]

Because Hoke Ranch's counterclaims are part of an eminent domain case and can be fully adjudicated by the Walker County Court at Law, that court retained jurisdiction over the entire case. It acted within its discretion in denying Hoke Ranch's motion to transfer, and the court of appeals erred in holding otherwise. Breviloba is entitled to mandamus relief. *See In re Christianson Air Conditioning & Plumbing,*

---

[4] For the same reason, we conclude that Hoke Ranch's counterclaims do not "involve[] an issue of title" for the purposes of Section 21.002. Hoke Ranch's title to the property sought to be condemned is not at issue. The nature of Hoke Ranch's counterclaims is a challenge to Breviloba's authority to condemn, not a title dispute.

*LLC*, 639 S.W.3d 671, 681 (Tex. 2022). Accordingly, without hearing oral argument, we conditionally grant Breviloba's petition for writ of mandamus and order the court of appeals to vacate its conditional writ. TEX. R. APP. P. 52.8(c). Our writ will issue only if the court of appeals does not comply.

**OPINION DELIVERED:** June 24, 2022